DANIEL HOLLAND, administrator, *vs.* LYNN AND BOSTON RAILROAD COMPANY.

Suffolk.    March 8. — May 9, 1887.    FIELD, C. ALLEN, & GARDNER, JJ., absent.

Before the enactment of the St. of 1886, *c.* 140, authorizing such an action, a street railway corporation was not liable to an action of tort for the loss, by reason of its negligence or that of its servants, of the life of a person, whether a passenger or not.

TORT, by the administrator of the estate of Julia Holland, for the benefit and use of the next of kin of the said Julia. The declaration was as follows:

"The plaintiff says that the defendant is a common carrier of passengers in the cities of Boston and Chelsea, by means of street-railway cars drawn on the defendant's railway by horses; that the plaintiff's intestate, on or about the thirty-first day of August, 1885, at the request of the defendant, took a seat in one of the cars of the defendant, to be conveyed, for a reasonable sum to the defendant, on said railroad, in said Boston and Chelsea, whereby it became the duty of said defendant to convey the plaintiff's intestate safely on said car. Yet the defendant, not regarding its duty in that behalf, wholly neglected so to do, and by its agents and servants so negligently, carelessly, and unskilfully managed said car, and the horses which drew the car, in which the plaintiff was seated, and the said railway of the defendant was so unskilfully and imperfectly built by the defendant, and was suffered by the defendant to be in so defective and dangerous a condition, that said car several times ran off the track of said defendant, and was dragged over the pavement of the street, and was so jolted as to cause injury to the plaintiff's intestate, who, during all this time, was in the exercise of due care and diligence on her part; that by reason of said negligence and improper management by said defendant, its agents and servants, the said plaintiff's intestate was severely injured in her body, from which injuries so received by her she died, to her great damage and injury, as the plaintiff says."

The defendant demurred to the declaration, assigning the following cause of demurrer: "Because no action lies in behalf

of the plaintiff against the defendant to recover damages for the death of the said Julia Holland."

The Superior Court sustained the demurrer, and ordered judgment for the defendant; and the plaintiff appealed to this court.

*C. T. Gallagher & J. F. Wheeler*, for the plaintiff.

*T. P. Proctor & E. Tappan*, for the defendant.

MORTON, C. J. The question presented in this case is whether, prior to the St. of 1886, *c.* 140,\* a street railway company was liable to an action of tort, if, by reason of its negligence, the life of a passenger was lost. That statute was passed after the injury complained of in this case, and therefore has no application to the case. *Kelley* v. *Boston & Maine Railroad*, 135 Mass. 448.

The Public Statutes provide that, "if by reason of the negligence or carelessness of a corporation operating a railroad or street railway, or of the unfitness or gross negligence or carelessness of its servants or agents while engaged in its business, the life of a passenger, or of a person being in the exercise of due diligence and not a passenger or in the employment of such corporation, is lost, the corporation shall be punished by fine of not less than five hundred nor more than five thousand dollars, to be recovered by indictment prosecuted within one year from the time of the injury causing the death, and paid to the executor or administrator for the use of the widow and children of

---

\* This statute is as follows : "If by reason of the negligence or carelessness of a corporation operating a street railway, or of the unfitness or gross negligence or carelessness of its servants or agents, while engaged in its business, the life of a passenger or of a person, being in the exercise of due diligence, and not a passenger or in the employment of such corporation, is lost, the corporation shall be liable in damages not exceeding five thousand nor less than five hundred dollars, to be assessed with reference to the degree of culpability of said corporation or of its servants or agents, and to be recovered in an action of tort commenced within one year from the injury causing the death, by the executor or administrator of the deceased person, for the use of the widow and children of the deceased, in equal moieties ; or if there are no children, to the use of the widow; or if no widow, to the use of the next of kin. But no executor or administrator shall for the same cause avail himself of more than one of the remedies given by this act and section two hundred and twelve of chapter one hundred and twelve of the Public Statutes."

the deceased." Pub. Sts. *c.* 112, § 212. Under this provision, a street railway company is liable to an indictment, if a life is lost by reason of its negligence, or the gross negligence of its servants.

The same section further provides, that, "if the corporation is a railroad corporation, it shall also be liable in damages, not exceeding five thousand nor less than five hundred dollars, to be assessed with reference to the degree of culpability of the corporation or of its servants or agents, and to be recovered in an action of tort, commenced within one year from the injury causing the death, by the executor or administrator of the deceased person, for the use of the persons hereinbefore specified in the case of an indictment."

It is clear that this provision does not apply to street railway companies.

Section 1 of this chapter provides, that, in the construction of this and the following chapter, "the phrase 'street railway' shall mean a railroad or railway usually operated by animal power; 'railroad corporation' and 'railroad company' shall mean the corporation which lays out, constructs, maintains, or operates a railroad operated by steam power; 'street railway company' shall mean a corporation by which a street railway is constructed, maintained, or operated."

It is to be observed that the following chapter, which is the chapter concerning street railway companies, makes no provision for an action of tort against such company, if a life is lost by reason of its negligence, or the gross negligence of its servants.

The plaintiff contends that street railway companies are liable to an action of tort under the Pub. Sts. *c.* 73, § 6. This provides that "if the life of a passenger is lost by reason of the negligence or carelessness of the proprietor or proprietors of a steamboat or stage-coach, or of common carriers of passengers, or by the unfitness or gross negligence or carelessness of their servants or agents, such proprietor or proprietors and common carriers shall be liable in damages not exceeding five thousand nor less than five hundred dollars, to be assessed with reference to the degree of culpability of the proprietor or proprietors or common carriers liable, or of their servants or agents, and recovered in an action of tort, commenced within one year from the

injury causing the death, by the executor or administrator of the deceased person, for the use of the widow and children of the deceased." This is a reënactment, in substantially the same words, of the St. of 1881, *c.* 199, which was the first statute to give an action of tort for the loss of life against any common carriers of passengers.

It is true that the phrase " common carriers of passengers " is broad enough to include street railway companies; but, when we consider the history and course of legislation upon this subject, we are brought to the conclusion that this enactment was not intended to include and apply to such companies.

Railroads and other carriers of passengers were first made liable for damages for the loss of life caused by their negligence by the St. of 1840, *c.* 80, which provides that " if the life of any person, being a passenger, shall be lost by reason of the negligence or carelessness of the proprietor or proprietors of any railroad, steamboat, stage-coach, or of common carriers of passengers," such proprietors or common carriers shall be liable to a fine, to be recovered by indictment, for the use of the widow and children of the deceased. Under this statute, clearly, railroads were liable to an indictment, which could be brought at any time within six years after the injury causing the death. *Commonwealth* v. *Boston & Worcester Railroad*, 11 Cush. 512.

By the St. of 1853, *c.* 414, railroad corporations were made liable to indictment for the loss of life of persons not passengers, and it was provided that " all indictments against any railroad corporation for loss of life shall be prosecuted within one year from the injury causing the death." These provisions were reenacted in the General Statutes, as to railroad corporations, in *c.* 63, §§ 97, 98, and as to other carriers, in *c.* 160, § 34, which significantly omits railroads from the enumeration of carriers liable under it.

Under the General Statutes, it was held that, while indictments against railroad corporations must be brought within one year, indictments against other carriers to whom the statute applied might be brought at any time within six years. *Commonwealth* v. *East Boston Ferry Co.* 13 Allen, 589.

It is thus seen, that, after the passage of the general act as to the liability of carriers in 1840, the Legislature enacted special

statutes applicable to railroad corporations, which were inconsistent with the general act. The Legislature could not have intended that railroad corporations should be liable under two inconsistent statutes, covering the same subject. The effect therefore of the later special legislation was to repeal so much of the St. of 1840 as applied to railroad corporations, or, in other words, to take railroad corporations out of the operation of the earlier statute.

The same reasoning applies in the case of street railway companies.

By the St. of 1864, *c.* 229, §§ 37, 38, street railway companies were made liable to indictment for the loss of life of a passenger, or of a person not a passenger; and it was provided that the indictment, as in the case of a steam railroad company, must be brought within one year of the injury. These provisions were reënacted in the St. of 1871, *c.* 381, §§ 49, 50. They were inconsistent with the St. of 1840, and the effect was to take street railway companies out of the operation of that statute. The St. of 1874, *c.* 372, has no bearing upon the case, as it does not repeal the St. of 1871, above cited, § 163, as to the liability for loss of life, being applicable only to railroad corporations operated by steam power, and, as to them, being a reënactment of laws previously in force.

We come now to the St. of 1881, *c.* 199, which first gave an action of tort against carriers of passengers for the loss of life. It is clear that the first section does not apply to street railway companies. But it is useless to discuss this, because the statute was repealed in a few months by the same Legislature which enacted it, and the provisions of § 1 were embodied in the Pub. Sts. *c.* 112, § 212, in a form which, as we have seen in the first part of this opinion, includes only steam railroad corporations.

The third section, reënacted in the Pub. Sts. *c.* 73, § 6, in its description of the parties who are subject to the statute, follows exactly the words of the Gen. Sts. *c.* 160, § 34, and gives a new remedy against such parties. It was not intended to enlarge the scope of that provision of the General Statutes, by making different persons or corporations subject to liability, but to give an additional remedy against the same persons. Being in the same words as the previous statute, it should

receive the same construction, unless a different intention is clearly shown. As we have seen, street railway companies, as well as steam railroad corporations, were not within the previous statute. Each had special provisions as to liability for loss of life, and, if the Legislature had intended to include them, or either of them, in the third section of the statute, it would have been natural to specify them in the statute.

Our construction is in some degree confirmed by the passage of the St. of 1886, making street railway companies liable in actions of tort, a statute which was unnecessary if they were already so liable.

For these reasons, we are of opinion that, prior to the St. of 1886, a street railway company was not liable to an action of tort for the loss of the life of a person, whether a passenger or not a passenger.                    *Judgment affirmed.**

---

\* A similar decision was made on the same day in Middlesex, in the case of

WILLIAM D. GUNN, administrator, *vs.* CAMBRIDGE RAILROAD COMPANY.

TORT, by the administrator of the estate of Frank H. Gunn, to recover for the loss of the life of his intestate, by reason of the negligence of the defendant and the gross negligence of its servants and agents. The declaration contained several counts, some alleging that the intestate was a passenger, and others alleging that he was not a passenger; and that the defendant was a corporation operating a street railway.

At the trial in the Superior Court, *Thompson, J.*, ruled that the action could not be maintained; and the plaintiff alleged exceptions.

*J. F. Wheeler & S. J. Elder*, for the plaintiff.

*Samuel Hoar, (W. H. Martin* with him,) for the defendant.

MORTON, C. J. This case is decided by *Holland* v. *Lynn & Boston Railroad, ante,* 425. Whether the plaintiff's intestate was a passenger or not at the time of his injury, the defendant, being a street railway company, is not liable in an action of tort.                    *Exceptions overruled.*