EDWIN L. BROOKS, administrator, *vs.* FITCHBURG AND LEOMINSTER STREET RAILWAY COMPANY.

Worcester. September 29, 1908. — October 20, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Negligence,* Causing death, Gross, Street railway. *Street Railway.* *Statute,* Repeal, Construction.

Review by RUGG, J., of legislation in this Commonwealth giving a remedy for death caused by the negligence of persons or corporations or the unfitness or negligence of their agents or servants.

Statutes, which are alleged to be inconsistent with each other in whole or in part,

must be construed so as to give reasonable effect to all, unless some positive repugnancy appears.

R. L. c. 171, § 2, as amended by St. 1907, c. 375, giving a remedy for a death caused by the negligence of a person or corporation or the agents or servants thereof, does not apply to a death caused by the negligence of a street railway corporation or its agents or servants, the remedy for such a death given by St. 1906, c. 463, Part I. § 63, as amended by St. 1907, c. 392, being exclusive.

TORT by the administrator of one who, while a passenger of the defendant, received injuries which resulted in his death. Writ in the Superior Court for the county of Worcester dated March 17, 1908.

The declaration alleged that on September 24, 1906, at the request of the defendant, Ellen E. Brooks, the plaintiff's intestate, boarded a car of the defendant in Fitchburg and became a passenger on said car, " and thereupon it became the duty of the defendant to convey the said Ellen E. Brooks safely on said car; yet the defendant, not regarding its duty in that behalf, wholly neglected so to do, and by its agents and servants so negligently, carelessly and unskilfully managed said car, that the said Ellen E. Brooks, while in the act of boarding said car, by reason of said negligent and careless and unskilful management of said car by said defendant, its agents and servants, received injuries which resulted in her death on June 7, 1907; that said Ellen E. Brooks was at all times in the exercise of due care and diligence and was not in the employment or service of the defendant. That this action is brought under chapter 375, of the acts of 1907."

The defendant demurred on the following grounds:

" (1) The declaration purports to be against a street railway company under St. 1907, c. 375, and states no cause of action for the reason that said statute does not apply to street railway companies.

" (2) The injury alleged as a cause of action in plaintiff's declaration occurred prior to the passage of said statute and does not fall within its provisions.

" (3) The injury set forth in plaintiff's declaration is alleged to have occurred prior to the passage of said statute; hence so much of said statute as by amendment strikes out the word 'gross' from the statute amended cannot apply to injuries which occurred prior to the passage of said statute; and there

is no allegation in said declaration that the negligence of the agents or servants which caused said injury was 'gross' negligence.

"(4) Plaintiff's action was not commenced within one year of the alleged injury."

After a hearing before *Richardson*, J., the demurrer was sustained, judgment was ordered for the defendant and the plaintiff appealed.

*J. E. McConnell,* (*J. H. P. Dyer* with him,) for the plaintiff.

*E. W. Baker,* (*C. F. Baker* with him,) for the defendant.

RUGG, J.    The plaintiff's declaration alleges that his intestate, while a passenger upon the defendant street railway, received an injury on September 24, 1906, by reason of the negligence of the defendant's servants, from which she died on June 7, 1907, being survived by husband and children, and that the action is brought under statute 1907, c. 375, the writ being dated February 17, 1908.    The question presented is whether this statute,* approved May 4, 1907, renders a street railway company liable in damages for death caused by the negligence of itself or its servants.    It is contended, on the one side, that its language is plain and comprehensive and in its terms broad enough to include street railway companies, and on the other, that, taking into perspective all our statutes authorizing recovery for death caused by negligence and giving to each its proper scope and construing them all so as to constitute an har-

---

* St. 1907, c. 375, is entitled " An Act relative to the recovery of damages for death caused by the negligence of persons or corporations, or of the agents or servants thereof."    Section 2.provided that the act should take effect upon its passage.    Section 1 amended R. L. c. 171, § 2, to read as follows : " If a person or corporation by his or its negligence, or by the negligence of his or its agents or servants while engaged in his or its business, causes the death of a person who is in the exercise of due care and not in his or its employment or service, he or it shall be liable in damages in the sum of not less than five hundred nor more than ten thousand dollars to be assessed with reference to the degree of his or its culpability or of that of his or its agents or servants, to be recovered in an action of tort, commenced within two years after the injury which caused the death, by the executor or administrator of the deceased, one-half thereof to the use of the widow and one-half to the use of the children of the deceased; or, if there are no children, the whole to the use of the widow : or, if there is no widow, the whole to the use of the next of kin."

monious legal system, it was not the intent of the Legislature to include street railway companies within this act, but that damages for such a misfortune as is here set forth can be recovered only under St. 1906, c. 463, Part I. § 63, as amended by St. 1907, c. 392,* approved May 8, 1907.   Substantially this inquiry was left open in *Beale* v. *Old Colony Street Railway Co.* 196 Mass. 119, and, while adverted to in *Oulighan* v. *Butler*, 189 Mass. 287, 295, in *Kelsey* v. *New York, New Haven, & Hartford Railroad*, 181 Mass. 64, and in *Hudson* v. *Lynn & Boston Railroad*, 185 Mass. 510, was not decided.

In determining this question, the origin and subsequent history

---

* St. 1907, c. 392, is entitled "An Act to increase the penalty imposed on a railroad or street railway corporation for loss of life through its negligence."   Section 2 provided "This act shall not affect any suit or proceeding now pending, or any cause of action or ground of indictment existing prior to the passage of this act."   Section 1 amended St. 1906, c. 463, Part I. § 63, to read as follows: "If a corporation which operates a railroad or a street railway, by reason of its negligence or by reason of the unfitness or negligence of its agents or servants while engaged in its business, causes the death of a passenger, or of a person who is in the exercise of due care and who is not a passenger or in the employ of such corporation, it shall be punished by a fine of not less than five hundred nor more than ten thousand dollars which shall be recovered by an indictment prosecuted within one year after the time of the injury which caused the death, and shall be paid to the executor or administrator, one half thereof to the use of the widow and one half to the use of the children of the deceased; or, if there are no children, the whole to the use of the widow; or if there is no widow, the whole to the next of kin; but a corporation which operates a railroad shall not be so liable for the death of a person while walking or being upon its railroad contrary to law or to the reasonable rules and regulations of the corporation.   Such corporation shall also be liable in damages in the sum of not less than five hundred nor more than ten thousand dollars, which shall be assessed with reference to the degree of culpability of the corporation or of its servants or agents, and shall be recovered in an action of tort, begun within one year after the injury which caused the death, by the executor or administrator of the deceased for the use of the persons hereinbefore specified in the case of an indictment.   If an employee of a railroad corporation, being in the exercise of due care, is killed under such circumstances as would have entitled him to maintain an action for damages against such corporation if death had not resulted, the corporation shall be liable in the sum of not less than five hundred nor more than five thousand dollars, in the same manner as it would have been if the deceased had not been an employee.   But no executor or administrator shall, for the same cause, avail himself of more than one of the remedies given by the provisions of this section."

of the several statutes are important. It is elemental in this Commonwealth that at common law there was no recovery for negligence causing loss of life. Our earliest statute, providing damages for death, was passed more than two hundred years ago, and related to death caused by defects in highways. 1 Prov. Laws (State ed.) 136. Its substance is now found in R. L. c. 51, § 17, and has continuously been a part of our statute law ever since its first enactment. It was the only statute of the kind until St. 1840, c. 80, was passed, which gave a remedy by indictment against all common carriers for causing, by their own negligence or the unfitness or gross carelessness of their employees, the loss of life of a passenger, whether in the exercise of due care or not. By St. 1853, c. 414, railroad corporations were made liable to indictment for causing under similar conditions the loss of life of any person in the exercise of due care, not a passenger or employee, thus extending liability against railroads alone beyond that established in 1840 for all common carriers. The ground of liability and the measure of recovery were the same in both statutes. When the laws of the Commonwealth were consolidated in the General Statutes, a chapter was devoted to railroad corporations, and by two sections the pre-existing liability of railroads for loss of life was continued: c. 63, § 97, continued that imposed by St. 1840, c. 80, and § 98 that created by St. 1853, c. 414. The liability for loss of life of a passenger by other common carriers was re-enacted in c. 160, § 34. The ground of liability in both cases was the same, namely, the negligence or carelessness of the defendant itself or the unfitness or gross negligence or carelessness of its servants or agents. St. 1864, c. 229, was the first general law respecting street railways. By § 37 it was provided that if, by reason of the negligence of the company or the unfitness, negligence or carelessness of its servants, the life of any person, whether passenger or not, in the exercise of due care, and not in the employ of the company, was lost, there should be a remedy by indictment. This section differed in important particulars from the preceding statutes. It imposed liability for the mere negligence of its servants and agents, while railroads and other common carriers were liable only for the gross negligence of their servants or agents. Street railways were made liable also

for the death of persons other than passengers who were not its employees, being in this respect upon the same footing as railroads, and having a severer liability than other common carriers, but, on the other hand, all persons, whether passengers or not, were required to be in the exercise of due care as a prerequisite to the liability, in this respect the burden as to passengers being less severe than that upon railroads or other common carriers. The next general codification of the street railway laws was St. 1871, c. 381, § 49 of which continued this same liability of street railway companies. In 1874, by c. 372 of the acts of that year, the general laws relating to railroads were consolidated and re-enacted, and by § 163 the liability of railroads in this regard was continued upon the same basis as that theretofore existing. By St. 1881, c. 199, the important change was made in the law as to loss of life occasioned by railroad companies and "proprietors of any steamboat or stage coach, or of common carriers of passengers," and for the life of a person lost by a defective highway, in that a new remedy, namely, an action of tort, was given for the benefit of the widow and near kindred of the person deceased. Section 6 of this act preserved as concurrent the remedy by indictment existing against railroads by St. 1874, c. 372, §§ 163, 164, but made no corresponding preservation of remedy against other common carriers or municipalities. This act did not include street railways by name. When the Public Statutes were enacted, the liability to indictment disappeared against all except railroads and street railways. The Public Statutes made important changes in the laws theretofore existing, in that it combined the remedy by indictment against both steam railroads and street railways in a single section, and excluded the latter from liability for ordinary negligence of their servants and agents, and placed them on the more restricted ground, upon which railroads and other common carriers had always stood, of liability only for gross negligence of servants and agents. It also placed the street railways upon a more favorable footing than before, in that persons not passengers were required to be in the exercise of due diligence before liability for their death arose. Pub. Sts. c. 112, § 212. But this section did not by express phrase give the remedy by action of tort against street railways. Pub. Sts. c. 73, § 6, continued the liability of "the proprietor or proprietors of a

steamboat or stage coach, or of common carriers of passengers," subjecting them only to an action of tort for loss of life of passengers, but upon the same conditions as before. Upon this state of legislation it was held, in *Holland* v. *Lynn & Boston Railroad*, 144 Mass. 425, without adverting to the distinctions in the statutes just pointed out between liability for gross and ordinary negligence nor the differences as to due care being a prerequisite to recovery, that street railway companies were not included within the purview of Pub. Sts. c. 73, § 6, rendering "common carriers" liable to an action of tort, for the reason that the conclusion was irresistible that it was not the intent of the Legislature by that enactment to include such companies. St. 1883, c. 243, imposed upon the railroads liability for the death of an employee occurring under such circumstances as would have entitled the deceased to maintain an action against the corporation if death had not resulted, under the same conditions and with the same remedies as if the deceased had not been an employee. The remedy by an action of tort, which had, by St. 1881, c. 199, been given, where there was liability for death, against steam railroads and other common carriers, was extended to street railway companies by St. 1886, c. 140, thus supplying the omission pointed out in *Holland* v. *Lynn & Boston Railroad*, 144 Mass. 425.

In 1871 by c. 352 of the acts of that year it was enacted that a railroad should be liable to indictment as provided by Gen. Sts. c. 63, § 98, for causing death by collision with its engines or cars at a grade crossing where sounding of a whistle or ringing of a bell was required and these signals were not given, unless the deceased, or those responsible for him, in addition to the want of ordinary care, was also guilty of gross or wilful negligence or acting in violation of the law and these contributed to the death. This relieved a plaintiff in one respect from a burden of proof, and imposed a heavy burden of proof upon the railroad as an affirmative defense. *Commonwealth* v. *Boston & Maine Railroad*, 133 Mass. 383. *Manley* v. *Boston & Maine Railroad*, 159 Mass. 493. *McDonald* v. *New York Central & Hudson River Railroad*, 186 Mass. 474. This provision has been retained without very material change, except that an action of tort has been also given, until the present time.

St. 1874, c. 372, § 164.  St. 1881, c. 199, § 2.  Pub. Sts. c. 112, § 213.  R. L. c. 111, § 268.  St. 1906, c. 463, Part II. § 245.

It is not necessary to trace the history of employers' liability, St. 1887, c. 270, because it imposes liability upon all employers of labor (with certain exceptions), and contains, so far as this inquiry is concerned, no distinctions between different kinds of employers, and as to street railway companies does not furnish a remedy upon the same ground as St. 1907, c. 375 or c. 392.

The next change of importance was by St. 1897, c. 416, which subjected corporations operating gas or electric light plants or systems to an action of tort, where the life of a person, exercising due diligence and not an employee, was lost by the negligence of the corporation or the unfitness or gross negligence of its servants or agents, but this statute did not confer the remedy by indictment.

St. 1898, c. 565, provided an action of tort against any person or corporation whose negligence or the gross negligence of whose servants or agents caused the loss of life of a person, other than an employee, in the exercise of due care.  This is the precursor of the statute under which the plaintiff claims, and is the first statute of the kind, which omits unfitness of the servant or agent as a ground of liability.  This statute would not ordinarily be construed as a repeal of existing statutes, as to common carriers of all kinds, because they might be liable for the death of a passenger, not in the exercise of due care.  The statutes being remedial, it cannot be inferred that a repeal was intended by the enactment of a new statute imposing a more onerous burden of proof upon a plaintiff, without much clearer manifestation of legislative will than this statute shows.  But the legislative intent can be best ascertained from its action in the compilation of the Revised Laws, where these two statutes were combined in c. 171, § 2, and the liability was based upon the negligence of the person or corporation causing the death or the gross negligence of its servants or agents, omitting again, as an express ground, unfitness of servants.  The liability of railroads and street railways for causing the death of any person was included in a single section, R. L. c. 111, § 267, in substantially the same language as that before used.  See also § 268.  The liability of other com-

mon carriers was re-enacted in R. L. c. 70, § 6. The liability of municipalities for death caused by defects in highways was continued by R. L. c. 51, § 17. The employers' liability act, giving an action for causing the death of an employee, is found in R. L. c. 106, §§ 72–75.

In this state of the statute law it is plain, from the origin and history of the various acts of legislation and their collocation in this compilation, that five different classes of liability are established : first, liability for the death of employees ; second, that of municipalities for death occurring by defects upon highways ; third, that of railroads and street railways for causing the death of passengers and persons other than passengers, not employees, in the exercise of due care, except in the case of railroads causing death at a grade crossing where the statutory signals have been omitted, when the burden of proving the gross negligence of the deceased rests on the railroad, and of railroads, alone, for causing the death of employees, who, if not killed, might have recovered damages ; fourth, that of other common carriers for the death of passengers only ; and, fifth, that against all other persons and corporations for causing the death of others than employees. The three last classes were not intended to exist as concurrent remedies, giving an election between them to the persons entitled to maintain them, because there were important differences in the liability imposed by the several statutes. It is unlikely that the Legislature would by express enactment impose different civil liabilities for the same act for the benefit of the same persons. The railroad and street railway and other common carriers were liable for death occasioned by the unfitness of their employees, while the last mentioned class of persons was not, by the express phrase of the statute, made so liable. Whether this makes a substantial difference in the rights of the parties may be open to inquiry when the proper occasion arises. Railroads, street railways and other common carriers were liable for the death of a passenger, even if such passenger was not in the exercise of due care, while in the last class due care on the part of the person deceased was a condition precedent to recovery. Again, the remedy for indictment was provided against railroads and street railways, while only the action of tort exists against the other persons liable. And,

finally, an employee of the railroad was in some respects placed on the same footing as a stranger to the employment, not a passenger.   In important particulars, therefore, the liability of steam railroads and street railways is greater than that provided against other defendants.

In the light of this situation we proceed to examine the subsequent legislation.   The general railroad law was revised and re-enacted by St. 1906, c. 463, of which Part I. § 63 .is almost identical with R. L. c. 111, § 267.   St. 1907, c. 392, amended St. 1906, c. 463, Part I. § 63, by increasing the maximum of liability in case of death of a person other than an employee from $5,000 to $10,000, and by striking out the word " gross " before " negligence."   St. 1907, c. 375, under which the plaintiff claims to recover, is an amendment of R. L. c. 171, § 2.   It makes a similar increase of maximum liability and change in the degree of negligence of employees, for which a defendant may be liable.   In effect both of these amending statutes are the same as if they had been originally enacted in the Revised Laws in the form in which they now appear.   *Bartley* v. *Boston & Northern Street Railway*, 198 Mass. 163.   Therefore, the same rules of construction are applicable as if both statutes were enacted at the same time and as a part of the same general statutory scheme.   The liability of common carriers other than railroads and street railways established by R. L. c. 70, § 6, has been unchanged.   The principle of interpretation is well established, that statutes alleged to be inconsistent with each other, in whole or in part, must be so construed as to give reasonable effect to both, unless there be some positive repugnancy between them.   *United States* v. *Lee Yen Tai*, 185 U. S. 213.   *Pollock* v. *Lands Improvement Co.* 37 Ch. D. 661.   *Thorpe* v. *Adams*, L. R. 6 C. P. 125.   *Hill* v. *Hall*, 1 Ex. D. 411.   *Copeland* v. *Springfield*, 166 Mass. 498.   *Brown* v. *Lowell*, 8 Met. 172.

This review of the statutes demonstrates that the Legislature has always, in the respects now under consideration, treated railroads and street railways as separate classes of corporations, not always upon the same basis, and has generally held them to a higher degree of liability than other persons or corporations.   This legislative policy continues in the statutes as they

now exist, save only as to the limitation of the time within which action may be brought. It cannot be assumed, as before pointed out, that the statute upon which the plaintiff relies repealed by implication (for there is no express repeal) R. L. c. 70, § 6, and St. 1906, c. 463, Part I. § 63. Such an assumption would be especially violent in view of St. 1907, § 392, passed four days later than the one under which the plaintiff claims, which reaffirmed with increased liability the remedies against railroads and street railways. There is room for a reasonable application and ample field for the operation of St. 1907, c. 375, by treating it purely as a remedial statute, and applicable to other persons and corporations not subjected by existing statutes to any like liability, although, in view of the statutes respecting liabilities of cities and towns for death occasioned by defects in highways, and *Linehan* v. *Cambridge*, 109 Mass. 212, it may be doubtful whether it was intended to apply to municipalities.

The conclusion we have reached gains strong support from the fact that these several provisions are all enacted in a general compilation of the body of statute law of the Commonwealth, which was first made by a commission of three learned lawyers, after a labor of about five years, whose report shows no indication of a thought of inconsistency or duplication of remedies, and was subjected to prolonged examination by a joint special committee of the General Court sitting after the close of the regular session, Resolves of 1901, c. 111, and from the further fact that both the railroad and street railway statute and the general death liability statute were re-enacted in a new form, as before pointed out, by the Legislature of 1907. Arguments which might have plausibility touching detached statutes, passed at different sessions of the Legislature, have no force as to such a body of law. It is inconceivable that these divers provisions for differing grades of liability could exist without deliberate intention. The view we take upon this question renders it unnecessary to discuss the other defense raised.

*Judgment affirmed.*