ABBIE L. MOULTON *vs.* COMMONWEALTH.

Suffolk.    June 16, 1913. — September 17, 1913.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DE COURCY, JJ.

*Practice, Criminal,* Sentence, Imprisonment of women. *Uttering Forged Order for Money.    Reformatory Prison for Women.*

Since St. 1909, c. 442, took effect, a male person who commits the crime of uttering a forged order for money not exceeding $50 in value may be sentenced by a police, district or municipal court to imprisonment at hard labor in a house of correction.

Under St. 1906, c. 282, § 1, which provides that "the sentence of a female who is convicted of a felony shall be executed in the reformatory prison for women only," a sentence of a woman to imprisonment at hard labor in a house of correction for uttering a forged order for money not exceeding $50 in value is unauthorized, and, upon a writ of error, will be reversed.

St. 1906, c. 282, § 1, which provides that "the sentence of a female who is convicted of a felony shall be executed in the reformatory prison for women only," does not

make the reformatory prison for women when used for the punishment of felony
a branch of the State prison, and makes unlawful a sentence of a woman for a
felony to a jail or a house of correction as well as a sentence to the State prison.

BRALEY, J. This is a writ of error to reverse a judgment of the
Municipal Court of the City of Boston by which the plaintiff in
error was sentenced to imprisonment at hard labor for one year
in the house of correction at Deer Island for the crime of uttering
a forged order for money.

By the R. L. c. 209, § 1, the crime for which the plaintiff in
error was convicted and sentenced, namely, that of uttering and
publishing as true a false, forged and counterfeited order for the
payment of money, may be punished by imprisonment in the State
prison for not more than ten years or in jail for not more than
two years. It is therefore a felony as defined by R. L. c. 215, § 1,
and until the St. of 1909, c. 442, the Municipal Court was without
final jurisdiction and could not impose sentence. R. L. c. 160, § 1.
By the St. 1909, c. 442, the jurisdiction of police, district and mu-
nicipal courts in criminal cases was so enlarged as to include
among other crimes, that of forgery of a promissory note or of an
order for money or other property where the sum of money named
in the note or the value of the property named in the order did not
exceed $50, with power to impose the same sentence as the Superior
Court in like cases, except imprisonment in the State prison. The
amount named in the order or check not having exceeded this juris-
dictional requirement, it is plain that upon conviction the Munici-
pal Court could have sentenced a male to imprisonment at hard
labor in the house of correction, but not to the State prison.
R. L. c. 220, § 5. *Commonwealth* v. *Cline,* 213 Mass. 225, 228.

The plaintiff in error, however, is within the St. of 1906, c. 282,
§ 1, which provides that "The sentence of a female who is convicted
of a felony shall be executed in the reformatory prison for women
only . . . ," and the St. of 1903, c. 209, requiring that the court or
trial justice imposing sentence shall not prescribe the limit unless
it is for a term of more than five years. The St. of 1906, c. 282,
is mandatory. It is irreconcilable with the provisions of R. L.
c. 220, § 16, as amended by the St. of 1904, c. 224, that a sentence
of a female convict to confinement at hard labor shall be executed
in the house of correction or reformatory prison for women as the
court orders. The later statute is unambiguous, and the purpose

of the Legislature is unmistakable. It would be defeated if the
R. L. c. 220, § 16, is treated as still in force. The crime itself, or
its punishment by imprisonment, is not affected by these enact-
ments. But the place where judgment shall be executed is no
longer optional with the court. The reformatory prison for women
has been substituted for the jail or house of correction. It is true
there is no express repeal. If, however, an earlier statute is re-
pugnant to the subsequent act the presumption is, that the latter
statute is intended as the final expression of the legislative will,
and the former statute is necessarily repealed by implication.
*Commonwealth* v. *Wyman,* 12 Cush. 237, 238, 239. See *Copeland*
v. *Springfield,* 166 Mass. 498, 504; *Paszkowski* v. *Stony Brook
Paper Co.* 210 Mass. 86, 89.

It is urged by the defendant in error, that the reformatory
prison for women must be ranked as synonymous with the State
prison, or in other words that it is a branch of the State prison,
when the place of punishment of women convicted for felony is
under consideration. It is not so denominated in our laws. While
subject to the supervision of the prison commissioners, its discipline
and management are not only distinctive, but entirely indepen-
dent of other penal institutions, and it is supported by an annual
separate appropriation. It was established by the St. of 1874,
c. 385, and by that act as well as in subsequent statutes and revis-
ions the intention of the Legislature to provide a separate place
for the detention, punishment and reformation of women convicts
is plainly manifest. Pub. Sts. c. 221, § 43. St. 1887, c. 426, § 1.
St. 1896, c. 304. R. L. c. 223, §§ 28–39. St. 1906, c. 282. The
sentence to imprisonment in the house of correction at hard labor
for the term of one year having been unauthorized, the judgment
must be reversed.

*So ordered.*

The case was submitted on briefs.

*F. Keezer,* for the plaintiff in error.

*J. M. Swift,* Attorney General, & *J. F. Barry,* for the Com-
monwealth.