RUTH PLATT *vs.* COMMONWEALTH.

Suffolk.    March 15, 16, 1926. — June 29, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, & WAIT, JJ.

*Error, Writ of.    Practice, Criminal,* Indeterminate sentence of woman.    *Statute,* Construction.    *Constitutional Law.*

After a return was made on January 12, 1926, by a district court in response to writs of error and of *scire facias* issuing upon a petition filed

in the Supreme Judicial Court for a county on December 25, 1925, it was proper for a single justice of the court under Rule 30 of the Rules of the Supreme Judicial Court for the Regulation of Practice at Common Law (1926) to hear the case upon its merits, to order a judgment and to report the case for determination by the full court.

Although under the provisions of G. L. c. 272, § 18, a woman convicted of fornication "shall be punished by imprisonment for not more than three months or by a fine of not more than thirty dollars," she may be sentenced under G. L. c. 279, §§ 16, 17, to the reformatory for women upon an indeterminate sentence, by virtue of which under § 18 she may be held in the reformatory for two years.

The several provisions relative to the indeterminate sentence, superimposed by the Legislature upon its statutes requiring sentences for specifically defined terms of incarceration upon a finding or verdict of guilty as to misdemeanors, are not contradictory nor incompatible with earlier statutes but constitute a consistent frame of law; it is left to the court to determine on the evidence in each case whether the purely punitive sentence for a specified period, or the indefinite sentence with a reformative purpose, even though invoking longer restraint, is better for the common welfare.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on December 26, 1925, for a writ of error.

The assignment of error was as follows: "That G. L. c. 272, § 18, states that 'Whoever commits fornication shall be punished by imprisonment for not more than three months or by a fine of not more than thirty dollars'. G. L. c. 279, § 18, states that 'A female sentenced to the reformatory for women for larceny or any felony may be held therein for not more than five years unless she is sentenced for a longer term; in which case she may be held therein for such longer term; if sentenced to said reformatory for any other offence, she may be held therein for not more than two years.' Rule 3 of the rules of the board of parole (which rules govern the reformatory for women) states that 'If he is serving his first term in the reformatory, having been sentenced for a two-year term, he shall on the expiration of eleven months from the date of his commitment to the reformatory, have the right to make application for a hearing before the board of parole on the question of his release.' That, at the trial in the Municipal Court of the Roxbury District of the City of Boston, the plaintiff-in-error, Ruth Platt, was committed to the Sherborn Reformatory for Women for a term exceeding three months."

The case was heard by *Crosby*, J.   The proceedings before him are described in the opinion.   He reported the case to the full court for determination.

*J. S. Mitchell*, for the plaintiff in error.

*A. C. York*, Assistant Attorney General, for the defendant in error.

RUGG, C.J.   This is a petition for a writ of error.   The writ of error and writ of *scire facias* issued and return was made.   The case came on to be heard before a single justice, who ordered that judgment be entered reversing the judgment of the Municipal Court of the Roxbury District, and then reported the case for determination by the full court. There was no error in this form of procedure, which is governed now by Rule 30 of the Rules of the Supreme Judicial Court for the Regulation of Practice at Common Law (1926), first adopted on the eleventh of January, 1926, pursuant to G. L. c. 250, § 2.   See for earlier practice *Perkins* v. *Bangs*, 206 Mass. 408.

The plaintiff in error was found guilty of the crime of fornication in the Municipal Court and was sentenced to the reformatory for women, there to be kept "until discharged in due course of law."   The sentence imposed was not for a definite period but was indeterminate as to time.   It was in conformity to G. L. c. 279, § 16, which provides that "A female, convicted of a crime punishable by imprisonment in a jail or house of correction, may be sentenced to the reformatory for women," and § 17, which enacts that the court "imposing a sentence to the reformatory for women, shall not prescribe the limit of the sentence unless it is for more than five years."   By § 18 of the same chapter, a female sentenced to the reformatory for women for an offence other than for larceny or any felony, "may be held therein for not more than two years."   By G. L. c. 272, § 18, "Whoever commits fornication shall be punished by imprisonment for not more than three months or by a fine of not more than thirty dollars."

The question to be decided is, whether the sentence was legal under these statutes.   A penalty of imprisonment imposed under G. L. c. 272, § 18, for the time there specified,

doubtless could have been executed, if the court had so ordered, in the jail or house of correction, G. L. c. 126, §§ 4, 8; c. 279, §§ 5, 19, 20, and, if that had been done, could not have exceeded the term of three months. The penalty prescribed by said § 18 has existed in its present form since St. 1849, c. 132, § 3.

Provision was made by St. 1874, c. 385, for a separate prison for women. That is an institution distinct from other prisons and reformatory institutions. *Moulton* v. *Commonwealth*, 215 Mass. 525. At first, (§ 17 of said c. 385) sentences to it could be only for the term permissible for the particular crime under the law. That provision was changed by St. 1903, c. 209, §§ 1, 3, so that sentences for all misdemeanors should be indeterminate, but the prisoner could not be held for more than two years. See St. 1910, c. 347, now G. L. c. 279, § 18. There are numerous misdemeanors where the maximum of definite term of imprisonment prescribed by the statute is less than two years or less than eleven months, the period which, it was said at the bar, must pass before there is permission to apply for parole of the plaintiff in error. See, for example, G. L. c. 138, §§ 83, 86; c. 139, §§ 15, 20; c. 272, §§ 8, 26, 29, 31, 32; c. 271, §§ 2, 3, 5, 8–11, 15; c. 93, § 28; c. 94, §§ 19, 20, 82. It can hardly be presumed that it was the purpose of the Legislature, in establishing a special reformatory institution for women, to prevent the sending thereto of women found guilty of such a large number of offences. The inference from general experience is that, if all who commit any misdemeanors thus punishable are to be excluded from the possibility of being sent to the reformatory for women, a considerable class of female offenders would be deprived of the corrective influences designed to be there afforded. On the other hand, the provisions of G. L. c. 279, § 17, already quoted, are peremptory to the effect that the term of all sentences to the reformatory for women for misdemeanors shall be indeterminate. It is a general principle of statutory interpretation that a body of laws enacted at one time is to be construed so as to constitute, so far as practicable, an harmonious entity. *Brooks* v. *Fitchburg & Leominster Street Railway*, 200 Mass. 8.

The history of legislation shows that the General Court in comparatively recent years has established the indeterminate sentence to exist alongside the definite sentence as to many offences.   The underlying design of the indeterminate sentence is to subject the offender to reformative influences, to rescue for useful citizenship one started on a criminal career and thus enable him to assume right relations with society.   It is manifest that the bringing back to upright conduct of one embarked upon evil courses cannot commonly be easily or quickly accomplished.   Time is required for the operation of physical, industrial, mental and moral training and education essential to the work of reclamation of human beings.

There have been superimposed by the Legislature, upon its statutes requiring sentences for specifically defined terms of incarceration upon a finding or verdict of guilty as to misdemeanors like the present, the newer statutes relative to the indeterminate sentence.   These several provisions are not contradictory and incompatible, but constitute a consistent frame of law.   It has been left to the court to determine on the evidence in each case whether the purely punitive sentence for a specified period, or the indefinite sentence with a reformative purpose even though invoking longer restraint, is better for the common welfare.

It follows that the sentence in the case at bar was lawful and in accordance with statutes.

There is no constitutional infirmity in the statutes as thus interpreted.   It is too plain for discussion that the Legislature may classify according to sex for purposes of punishment and reformation those convicted of crime.   There is no inequality between men and women as to their liability to sentence under the statutes even if it be assumed that such inequality could rightly be urged.   The provisions applicable to sending men convicted of misdemeanors to the Massachusetts reformatory are similar, in the particulars of which complaint here is made, to those relating to sending women to the reformatory for women.   G. L. c. 279, §§ 31, 32, 33.

*Judgment of Municipal Court affirmed.*