COMMONWEALTH *vs.* KERRIN ALFONSO.

Middlesex. May 8, 2007. - August 17, 2007.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, & CORDY, JJ.

*Practice, Criminal,* Sentence, Appellate Division. *Supreme Judicial Court,* Superintendence of inferior courts. *Statute,* Construction. *Words,* "State prison."

This court concluded that where G. L. c. 278, § 28A, regarding the Appellate Division of the Superior Court, had no provision concerning appellate review of Appellate Division decisions, this court, pursuant to its power of general superintendence of the courts, G. L. c. 211, § 3, had the authority to resolve a claim challenging the jurisdictional limits of the Appellate Division, and proceeded to do so in light of the importance of the issues involved. [741-742]

In an action challenging, on jurisdictional grounds, the Appellate Division of the Superior Court's revision, to the defendant's detriment, of the defendant's penal sentence for multiple felonies, this court concluded that the felonies to which the defendant pleaded guilty and the length of the initial sentences imposed on her gave her sentence the character of a State prison sentence, the review of which was plainly within the statutory jurisdiction of the Appellate Division of the Superior Court under G. L. c. 278, § 28A [742-743]; further, this court was not required to reach the defendant's alternative argument attempting to distinguish her sentence, which specified that she would be housed at a women's correctional institution, from a State prison sentence for purposes of G. L. c. 278, § 28A, where legislative reform eliminated the disparate sentencing structure that once existed for men and women [743-746].

INDICTMENT found and returned in the Superior Court Department on March 29, 2000.

A motion for correction of sentence and release from unlawful restraint, filed on September 27, 2005, was heard by *Peter M. Lauriat*, J., and a motion for reconsideration was heard by him.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Paul C. Brennan* for the defendant.

*Randall E. Ravitz*, Assistant Attorney General, for the Commonwealth.

MARSHALL, C.J. In 1993, the Legislature enacted comprehensive sentencing reform that included measures to abolish gender distinctions in sentencing.[1] In this appeal, the defendant, Kerrin Alfonso, challenges the jurisdiction of the Appellate Division of the Superior Court to review and revise the sentences imposed on her for multiple felonies to which she pleaded guilty. The penal portion of her sentences committed her to concurrent terms of from three to five years to the "[Massachusetts Correctional Institution (MCI)] Cedar Junction to serve at MCI Framingham." General Laws c. 278, § 28A, limits the jurisdiction of the Appellate Division to "the review of sentences to the state prison imposed by final judgments in criminal cases" and to "the review of sentences to the reformatory for women for terms of more than five years imposed by final judgments in criminal cases."[2] The defendant argues that her penal sentences, which (as we explain *infra*) were revised to her detriment by the Appellate Division, were "illegal" because her original sentence was not "to the state prison," nor was it for a term of "more than five years," and could not, therefore, be reviewed by the Appellate Division.

We conclude that the Appellate Division had jurisdiction to review the sentences at issue, both under the express terms of the defendant's original sentence and pursuant to G. L. c. 278,

---

[1] St. 1993, c. 432. The legislation, introduced in 1993, was approved on January 12, 1994, and took effect on July 1, 1994. In general terms, the legislation repealed various portions of the General Laws that authorized gender distinctions in sentencing, as well as repealing indeterminate sentences and reformatory sentences. *Id.* at §§ 14-15, 17-20.

[2] General Laws c. 278, § 28A, states in pertinent part:

> "There shall be an appellate division of the superior court for the review of sentences to the state prison imposed by final judgments in criminal cases, except in any case in which a different sentence could not have been imposed, and for the review of sentences to the reformatory for women for terms of more than five years imposed by final judgments in such criminal cases. Said appellate division shall consist of three justices of the superior court to be designated from time to time by the chief justice of said court and shall sit in Boston or at a Massachusetts correctional institution or at such other place as may be designated by the chief justice and at such times as he shall determine. No justice shall sit or act on an appeal from a sentence imposed by him. Two justices shall constitute a quorum to decide all matters before the appellate division."

§ 28A, as construed in light of the 1994 sentencing reform amendments. We therefore affirm.

1. *Background.* On November 7, 2000, the defendant waived her right to a jury trial in the Superior Court and pleaded guilty to ten counts of forgery, G. L. c. 267, § 1; three counts of larceny over $250, G. L. c. 266, § 30; and three counts of identity fraud, G. L. c. 266, § 37E. A judge in the Superior Court sentenced the defendant on all three larceny convictions "to MCI Cedar Junction to serve at MCI Framingham" for a single term not exceeding five years or less than three years. On the forgery and identity theft convictions, the judge sentenced the defendant to sentences to be served concurrently with the larceny convictions. The judge also sentenced the defendant to five years' probation on the larceny convictions, from and after the completion of the larceny sentence, and five years' probation on the forgery and identity theft charges, to run concurrently with the term of probation on the larceny convictions.[3]

The defendant appealed to the Appellate Division of the Superior Court, pursuant to G. L. c. 278, § 28A. On May 23, 2001, the Appellate Division entered an order, amending her sentences, the effect of which was to increase the defendant's over-all sentences by imposing concurrent sentences of from three to five years on the second and third larceny convictions to be served from and after the sentence imposed on the defendant for the first larceny conviction. The Appellate Division otherwise affirmed the sentences and dismissed the appeal.[4] See *Gavin* v. *Commonwealth*, 367 Mass. 331, 333-334 (1975).

Four years later, in September, 2005, the defendant filed a motion in the Superior Court pursuant to Mass. R. Crim. P. 30 (a), as appearing in 435 Mass. 1501 (2001),[5] claiming that the Appellate Division of the Superior Court had no jurisdiction to

---

[3]As part of her sentence, the defendant was also required to undergo substance abuse treatment and to make restitution to each victim.

[4]The docket reflects that the defendant filed a notice of appeal of the Appellate Division's ruling, but there is no indication in the record that she pursued that appeal.

[5]Rule 30 (a) of the Massachusetts Rules of Criminal Procedure, as appearing in 435 Mass. 1501 (2001), provides: "Any person who is imprisoned or whose liberty is restrained pursuant to a criminal conviction may at any time, as of right, file a written motion requesting the trial judge to release him or

hear her appeal from the sentences, and that the amended sentences imposed by the Appellate Division were therefore "illegal." The defendant argued that G. L. c. 278, § 28A, grants jurisdiction to the Appellate Division to review sentences only of more than five years to the "reformatory for women." Because her sentence was, in effect, she argued, to the "reformatory for women,"[6] and did not exceed five years, it was not reviewable by the Appellate Division.[7]

The motion judge, who was also the plea judge, denied the defendant's motion, as well as her motion for reconsideration. The defendant appealed, and we transferred the case here on our own motion.

2. *Discussion.* As a preliminary matter, the Commonwealth claims that the Superior Court judge was correct to deny the defendant's motion under rule 30 (a) because he had no authority to determine the jurisdictional limits of the Appellate Division. The Commonwealth points out that the Appellate Division is a "higher-level tribunal" than the Superior Court, consists of a panel of three judges, and has, as its name implies, appellate jurisdiction to review the sentencing actions of the trial court. See G. L. c. 278, § 28B. Accordingly, the jurisdictional limits of the Appellate Division can be challenged, the Commonwealth argues, only by an appeal to the Appeals Court or by a petition to this court pursuant to G. L. c. 211, § 3. The point has some merit. However, where G. L. c. 278, § 28A, has no provision concerning appellate review of a decision of the Appellate Division,[8] we have the authority to resolve the defendant's claim pursuant to our power of general superinten-

---

her or to correct the sentence then being served upon the ground that the confinement or restraint was imposed in violation of the Constitution or laws of the United States or of the Commonwealth of Massachusetts."

[6]Massachusetts Correctional Institution, Framingham, is the direct nominate statutory successor to "the reformatory for women." See, e.g., St. 1972, c. 293, § 1; St. 1955, c. 770, §§ 82, 85, 95, 96.

[7]The defendant readily concedes that it was she who had invoked the jurisdiction of the Appellate Division, but argues that the question of the Appellate Division's subject matter jurisdiction could be raised at any time, citing *Commonwealth* v. *DeJesus*, 440 Mass. 147, 151 (2003).

[8]General Laws c. 278, § 28B, provides that a decision of the Appellate Division "shall be final." Cf. *Commonwealth* v. *D'Amour*, 428 Mass. 725, 746 (1999) ("lawful" sentences can be reviewed only by Appellate Division).

dence of the courts, G. L. c. 211, § 3. See *Cobb* v. *Cobb*, 406 Mass. 21, 24 n.2 (1989) (declining to address propriety of reporting questions to Appeals Court regarding issues in G. L. c. 209A proceeding, but concluding court had authority to address merits pursuant to G. L. c. 211, § 3). In light of the importance of the issues involved, which have been fully briefed, we proceed to do so.[9] Cf. *Wellesley College* v. *Attorney Gen.*, 313 Mass. 722, 731 (1943).

Turning first to the defendant's own sentence to "MCI Cedar Junction to serve at MCI Framingham," this constitutes a "state prison" sentence by its own terms.[10] The term "state prison" is defined by the Legislature as "Massachusetts Correctional Institution, Cedar Junction." G. L. c. 125, § 1 (*o*). That correctional institution houses men only. In light of the Legislature's elimination of gender-based distinctions in sentencing, see St. 1993, c. 432 (note 1, *supra*), the fact that the denominated "state prison" is a male-only facility can no longer support a conclusion that the term "sentences to the state prison," as used in G. L. c. 278, § 28A, confines such sentences to men alone. Here, the felonies to which the defendant pleaded guilty and the length of the initial sentences imposed on her, concurrent sentences of from three to five years, give her sentence the character of a "state prison" sentence, not a sentence to a house of correction.[11] See G. L. c. 266, § 30 (defendant found guilty of larceny shall, "if the value of the property stolen exceeds two hundred and fifty dollars, be punished by imprisonment in

[9]We do not address the Commonwealth's argument that the defendant's claims are barred by estoppel. The Commonwealth relies on *Harker* v. *Holyoke*, 390 Mass. 555, 558-559 (1983), arguing that a collateral attack on subject matter jurisdiction is barred by the principal of finality except in rare circumstances. There, the plaintiffs attempted to relitigate in the Superior Court the same substantive claim on which judgment had previously been entered in the Housing Court. This court held that the claim constituted a collateral attack on the subject matter jurisdiction of the Housing Court. *Id.* Here, the defendant does not seek to relitigate her substantive claim, but challenges only the jurisdiction of the Appellate Division to review her sentence. The *Harker* case is not applicable.

[10]The clause "to serve at MCI Framingham" is surplusage.

[11]There are only two possible sentences in the Commonwealth — a State prison sentence and a house of correction sentence. See M.Y. Gonzalez, Imprisonment and Release from Custody § 40.5, 2 Massachusetts Criminal Practice at 395 (1998).

the state prison for not more than five years, or by a fine of not more than twenty-five thousand dollars and imprisonment in jail for not more than two years'').

The clause ''to serve at MCI Framingham'' merely denotes where the defendant is to be housed to carry out her ''state prison'' sentence. Pursuant to G. L. c. 125, § 16, as amended through St. 1972, c. 777, § 10, all women sentenced to incarceration ''shall be committed to the Massachusetts Correctional Institution, Framingham, or to other such correctional facility or facilities as the commissioner may from time to time designate as appropriate for the purpose.'' A woman sentenced ''to MCI Cedar Junction,'' without an accompanying ''to serve at MCI Framingham'' clause would, by the express terms of G. L. c. 125, § 16, be committed to serve her sentence at MCI Framingham, or such other facility as is deemed ''appropriate'' by the Commissioner of Correction. The defendant's contention to the contrary notwithstanding, the ''to serve at MCI Framingham'' clause in her sentence is also consistent with G. L. c. 279, § 19, which provides that the ''sentence to imprisonment of a female convicted of a felony shall be *executed* in the Massachusetts Correctional Institution, Framingham'' (emphasis added). In context, the terms to ''serve'' and to ''execute[]'' are synonymous, in that both terms specify where the defendant is to serve her sentence. The defendant's sentence is a State prison sentence, and the review of her sentence was, therefore, plainly within the statutory jurisdiction of the Appellate Division.

We need not reach the defendant's alternative argument that the sentence of a woman directly to MCI Framingham can never constitute a sentence ''to the state prison'' for the purposes of G. L. c. 278, § 28A, and that the appeal from any such sentence is governed by the limitations of the ''reformatory for women'' clause in G. L. c. 278, § 28A. We dispose of the matter briefly to eliminate any uncertainty in this regard. See *Andrews* v. *Civil Serv. Comm'n*, 446 Mass. 611, 618 (2006); *Wellesley College* v. *Attorney Gen.*, *supra*.

The defendant relies primarily on *Moulton* v. *Commonwealth*, 215 Mass. 525, 527 (1913), in which this court held that the ''reformatory prison for women'' was not a ''branch of the State prison, when the place of punishment of women convicted for

felony is under consideration.'' The distinction drawn in the *Moulton* case between felony sentences to the reformatory for women and felony sentences to the State prison was based on circumstances and legislative schemes that are no longer operative.[12] The provision of G. L. c. 278, § 28A, that the defendant argues restricts the rights of women to appeal from their sentences, St. 1945 c. 255, § 1, is a historical artifact designed to address the disparate sentencing structure that once existed for men and women.[13] With the legislative reforms enacted in 1994, such a disparity no longer exists. See St. 1993, c. 432.

Statutes that ''relate to a common subject matter 'should be construed together so as to constitute an harmonious whole.' '' *Commonwealth* v. *Smith*, 431 Mass. 417, 424 (2000), quoting *Board of Educ.* v. *Assessor of Worcester*, 368 Mass. 511, 513-514 (1975). Adopting the interpretation of G. L. c. 278, § 28A, urged by the defendant would restrict certain appeals by women, while allowing those of similarly situated men to proceed. This

---

[12]In *Moulton* v. *Commonwealth*, 215 Mass. 525, 527 (1913), this court found persuasive the fact that while the reformatory prison for women was ''subject to the supervision of the prison commissioners, its discipline and management are not only distinctive, but entirely independent of other penal institutions, and it is supported by an annual separate appropriation.'' *Id.* Today, management of all Commonwealth correctional facilities is under the unified control of the Department of Correction, see G. L. c. 125, § 11 (''department of correction shall maintain . . . the correctional institutions of the commonwealth''), and the general fiscal appropriation for ''the operation of the commonwealth's department of correction,'' including all correctional facilities, is now provided for in a single line item of the budget. See, e.g., St. 2005, c. 45, § 2, line item 8900-0001.

[13]As in effect in 1945, G. L. (Ter. Ed.) c. 279, § 17, provided that a court ''imposing a sentence to the reformatory for women, shall not prescribe the limit of the sentence unless it is for more than five years.'' Indefinite ''reformatory'' sentences could be terminated at any point prior to the maximum length if it were determined that the woman had been ''reformed.'' See *Platt* v. *Commonwealth*, 256 Mass. 539, 541 (1926). A judge who sentenced a woman to a ''reformatory'' term five years or less would have no discretion over the minimum length of the sentence. Consequently permitting a woman to appeal from a reformatory sentence of five years or less would have served little purpose. Indeed, men serving reformatory sentences were already foreclosed from appealing from their indeterminate length sentences, as G. L. c. 278, § 28A, granted an appeal only from State prison sentences, which carried both a minimum and a maximum term. The 1945 legislation, therefore, did not create disparate appellate rights for men and women. Rather, it provided women with comparable rights to appeal from definite (but not indeterminate length) sentences under the sentencing scheme that then existed.

is inconsistent with the intent of the Legislature, as evinced by the Legislature's comprehensive 1994 amendments that reformed the sentencing statutes to eliminate such disparities in the sentencing of men and women. See note 1, *supra.* More to the point, "where a statute may be construed as either constitutional or unconstitutional, a construction will be adopted which avoids an unconstitutional interpretation." *Commonwealth* v. *Corey,* 351 Mass. 331, 334 (1966), quoting *Demetropolos* v. *Commonwealth,* 342 Mass. 658, 660 (1961). In light of the equal protection jurisprudence mandated by art. 1 of the Massachusetts Declaration of Rights, as amended by art. 106 of the Amendments, see e.g., *Commonwealth* v. *King,* 374 Mass. 5, 20-22 (1977), we cannot admit an interpretation of G. L. c. 278, § 28A, that, as the defendant would have it, authorizes men to appeal from a State prison sentence of any length, including one of less than five years, but denies the same right to women. While the portion of G. L. c. 278, § 28A, pertaining to appeals by women remains operative,[14] the statute can no longer be interpreted as restricting the jurisdiction of the Appellate Division to only cases where a woman appeals from a State prison sentence that is for a term of more than five years.

We are cognizant there may be cases where a judge sentences a woman to "MCI Framingham" without indicating, as the judge did in this case, whether she is sentenced "to MCI Cedar Junction" or whether the sentence is a sentence to a "state prison." The right of a woman to appeal from her sentence to the Appellate Division should not turn on whether the sentencing order or mittimus includes either the phrase to "MCI Cedar Junction" or to a "state prison." See *Attorney Gen.* v. *School Comm. of Essex,* 387 Mass. 326, 336 (1982) ("We will not adopt a literal construction of a statute if the consequences of such construction are absurd or unreasonable"). When the sentence of a woman is to "MCI Framingham," without more, the determination whether a discretionary sentence[15] is one to a "state prison," and therefore appealable pursuant to G. L. c. 278, § 28A, should rest on

---

[14]That portion states, "and for the review of sentences to the reformatory for women for terms of more than five years imposed by final judgments in such criminal cases." G. L. c. 278, § 28A.

[15]Consistent with the existing plain statutory language, no appeal will lie in

whether the facts necessary for conviction or the length of the sentence make it evident that the sentence is a "state prison" sentence. Here, the sentencing judge appropriately indicated by his use of the term "MCI Cedar Junction" that the defendant's sentence was a "state prison" sentence. The denial of the defendant's motion under Mass. R. Crim. P. 30 (a) is affirmed.

*So ordered.*

any case in which "a different sentence could not have been imposed." *Id.*