NOTICE: All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports. If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11735

TREVELL STARKS  vs.  COMMONWEALTH.


April 29, 2015.


Supreme Judicial Court, Superintendence of inferior courts.
    Practice, Criminal, Sentence, Appellate Division.


        Trevell Starks (petitioner) appeals from a judgment of a
single justice of this court denying relief on his petition
filed pursuant to G. L. c. 211, § 3.  We affirm.

        The petition concerns the sentences imposed on the
petitioner on June 5, 2012, in the Superior Court following his
convictions of assault and battery on a police officer (two
counts), resisting arrest, disturbing the peace, and disorderly
conduct.  He was sentenced to two consecutive terms of two and
one-half years each in a house of correction on the convictions
of assault and battery on a police officer.  He received a
consecutive suspended sentence of two and one-half years in a
house of correction on the resisting arrest conviction, and
terms of probation on the remaining convictions.  More than
twenty months later, on February 28, 2014, the petitioner filed
a motion with the Appellate Division of the Superior Court
requesting that the Appellate Division accept an appeal of his
house of correction sentences.  See G. L. c. 278, §§ 28A-28C.
He claimed that failure to accept the appeal would violate his
rights under art. 1 of the Massachusetts Declaration of Rights
and the Fourteenth Amendment to the United States Constitution.
The Appellate Division denied the petitioner's motion.  His
petition under G. L. c. 211, § 3, followed.[1]

_____

        [1] Although the decisions of the Appellate Division with
regard to the severity of a sentence "shall be final," G. L.

General Laws c. 278, § 28A, limits the jurisdiction of the Appellate Division to the "review of sentences to the state prison imposed by final judgments in criminal cases . . . and [to] the review of sentences to the reformatory for women for terms of more than five years imposed by final judgments in such criminal cases." The petitioner contends that G. L. c. 278, § 28A, violates equal protection guarantees because it permits both men and women to appeal State prison sentences to the Appellate Division and, on its face, permits women to appeal sentences to a reformatory for women for terms exceeding five years, but has no comparable provision for men sentenced to a house of correction for more than five years. We rejected a similar argument in Commonwealth v. Alfonso, 449 Mass. 738 (2007), and, for essentially the same reasons, reject the petitioner's argument here.

The historic distinction "between felony sentences to the reformatory for women and felony sentences to the State prison was based on circumstances and legislative schemes that are no longer operative." Id. at 744.[2] As we observed in Alfonso, "[i]n 1993, the Legislature enacted comprehensive sentencing reform that included measures to abolish gender distinctions in sentencing." Id. at 739. Among other things, the legislation "repealed various portions of the General Laws that authorized gender distinctions in sentencing, as well as repealing indeterminate sentences and reformatory sentences." Id. at 739 n.1.

We must construe G. L. c. 278, § 28A, in light of the sentencing reform amendments enacted in 1993, Alfonso, supra at 739-740, and conclude, as we did in Alfonso, that the "reformatory for women" clause is a "historical artifact designed to address the disparate sentencing structure that once existed for men and women." Id. at 744 & n.13. Whether a sentence is presently appealable to the Appellate Division

_____

c. 278, § 28B, it is within this court's power of general superintendence to consider whether a petitioner's sentence is within the jurisdictional limits of the Appellate Division. Commonwealth v. Alfonso, 449 Mass. 738, 741-742 (2007).

[2] Moreover, the statute was never intended to "create disparate appellate rights for men and women. Rather, it provided women with comparable rights to appeal from definite (but not indeterminate length) sentences under the sentencing scheme that then existed." Alfonso, supra at 744 n.13.

therefore turns on whether the sentence is a felony sentence to the State prison -- more precisely, "whether the facts necessary for conviction or the length of the sentence make it evident that the sentence is a 'state prison' sentence," id. at 745-746 -- and not on any differing treatment between men and women or on the phraseology of a particular sentencing order or mittimus. Id.

The petitioner attempts to capitalize on a statement we made in Alfonso, that "the portion of G. L. c. 278, § 28A, pertaining to appeals by women remains operative." Id. at 745. He reads that statement out of context, however. The single justice correctly understood that the statement was made in the context of deciding that women, like men, may appeal to the Appellate Division from a State prison sentence of any length. We did not, and do not, construe the statute to give women greater or lesser rights than men. Indeed, as we said, "[i]n light of the equal protection jurisprudence mandated by art. 1 of the Massachusetts Declaration of Rights, . . . we cannot admit an interpretation of G. L. c. 278, § 28A, that, as the defendant would have it, authorizes men to appeal from a State prison sentence of any length, including one of less than five years, but denies the same right to women." Id. By the same token, under the current sentencing scheme, neither men nor women may appeal to the Appellate Division from a sentence that is not evidently a State prison sentence. See id. The statute therefore does not implicate equal protection concerns.

For these reasons, we agree with the single justice that the petitioner's sentences to the house of correction were not within the jurisdiction of the Appellate Division.

Judgment affirmed.


Alexei Tymoczko for the defendant.
Mary Lee, Assistant District Attorney, for the Commonwealth.