### SAMUEL P. CUMMINGS *vs.* FRANCIS W. BIRD.

Suffolk.   April 1. — June 27, 1874.   COLT & ENDICOTT, JJ., absent.

A right of action for libel does not survive by force of the Gen. Sts. c. 127, § 1, even
if the party injured lost thereby a valuable office.

TORT for libel.   At the trial in this court before *Colt*, J., the
case was reserved for the consideration of the full court on the
pleadings and evidence.   The plaintiff afterwards died, and his
administratrix sought to come in and maintain the suit, and of-
fered to show that the intestate lost two offices in consequence
of the alleged libel.

*C. Cowley*, for the plaintiff.

*W. Gaston & W. Colburn*, for the defendant.

DEVENS, J.   The original plaintiff having deceased at the
time of the argument of this cause, and the administratrix having
now come in, it is first to be determined whether the suit, which
is for a libel upon him, has abated by his death.   The rule of the
common law is that actions of tort for misfeasance or malfeasance
do not survive, and if this action does so in this Commonwealth it
is by virtue of Gen. Sts. c. 127, § 1.*   The ground taken by the
counsel for the administratrix is, that as actions for damage done
to real or personal estate survive, and as it is alleged that the
plaintiff lost a lucrative employment by reason of the charges
made in the alleged libel, the action may be maintained as for
damage done to his estate.   This argument cannot avail.   In
*Walters* v. *Nettleton*, 5 Cush. 544, it was decided that an action for
libel did not survive against the administrator of the defendant,
and in *Nettleton* v. *Dinehart*, 5 Cush. 543, it was further held
that an action for malicious prosecution did not survive in favor
of the administrator of the plaintiff.   In the latter case the same
argument as that used by the plaintiff here would have been
equally pertinent, as the plaintiff had been subjected, as he alleged,

---

* The Gen. Sts. c. 127, § 1, provide that: "In addition to the actions
which survive by the common law, the following shall also survive: actions of
replevin, of tort for assault, battery, imprisonment or other damage, to the
person; for goods taken and carried away or converted by defendant to his
own use; or for damage done to real or personal estate; and actions against
sheriffs for malfeasance or nonfeasance of themselves or their deputies."

to a malicious prosecution, which must of necessity have occasioned him cost and expense and thus operated to diminish his estate. These cases are decisive of the present, and it would be a forced construction to give the provision of the statute such an extent as that claimed. The causes of action which survive are those, the effect of which has been to occasion injury to some specific property, either personal or real, which belonged to the deceased.                 *Suit abated by death of plaintiff.*