JOHN P. PUTNAM, administrator, *vs.* HENRY W. SAVAGE,
executor.

Suffolk.    January 10, 1923. — February 26, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Survival of Action.   Negligence,* Causing death.   *Death.   Executor and Administrator.*

An action under G. L. c. 229, § 5, for the causing of death by negligence comes
within the descriptive words of an action of "tort for . . . other damage to
the person," in G. L. c. 228, § 1, and survives the death of the defendant.

TORT by the administrator of the estate of Annie E. Putnam,
late of Chelsea, originally against Joseph B. Smith of Somerville,
with a declaration in two counts, the first count being for conscious suffering caused to, and the second for the death of, the
plaintiff's intestate, alleged to have resulted on May 16, 1920, from
negligent operation of an automobile by the defendant.  Writ
dated July 1, 1920.

During the pendency of the action, the defendant died and
Henry W. Savage, executor of his will, was admitted as a party
defendant and was permitted to file a further answer alleging
"that the cause of action set forth in the plaintiff's declaration
in so far as it seeks to recover damages for the death of the plaintiff's intestate is not a cause of action which survives the death
of the defendant either at common law or under the statute, and
that, therefore, the plaintiff is not now entitled to maintain this
cause of action so far as it deals with damages for the death of the
plaintiff's intestate."

The action was tried in the Superior Court before *Thayer,* J.
At the close of the evidence, the defendant moved that a verdict
be ordered in his favor on the second count.  The judge denied
the motion.  The defendant also requested a ruling that no action
could be maintained on the second count of the plaintiff's declaration on account of the death of the defendant and because the
action for damages under the death statute does not survive
the death of the person whose negligence is responsible for the
death.  The judge submitted both counts to the jury without

instruction as to the question thus raised by the defendant and upon an agreement of counsel that in the event of a verdict for the plaintiff the case was to be reported on the question of the plaintiff's right to recover on the second count. A verdict was returned for the plaintiff on the first count for conscious suffering in the sum of $1,000, and on the second count for the death in the sum of $3,000; and the judge reported the action for determination by this court of the question, whether the action under the second count for damages for the death of the plaintiff's intestate survived the death of the defendant. If the action so far as the second count was concerned did not survive the death of the original defendant, judgment was to be entered for the plaintiff on the verdict rendered on the first count only; but if it did survive the death of the defendant, then judgment was to be entered for the plaintiff on the verdict on both counts.

*W. D. Gray,* for the defendant.

*R. W. Frost,* for the plaintiff.

RUGG, C.J. This was an action brought by an administrator to recover damages for the conscious suffering and death of his intestate caused by the negligence of one Joseph P. Smith. There are two counts in the declaration. The first is for conscious suffering concerning which now there is no controversy. The second is for death and is founded on St. 1907, c. 375, now G. L. c. 229, § 5, whereby "If a person . . . by his . . . negligence . . . causes the death of a person who is in the exercise of due care and not in his . . . employment or service, he . . . shall be liable in damages in the sum of not less than five hundred nor more than ten thousand dollars to be assessed with reference to the degree of his . . . culpability . . . to be recovered in an action of tort, commenced within two years after the injury which caused the death, by the executor or administrator of the deceased, one half thereof to the use of the widow and one half to the use of the children of the deceased; or, if there are no children, the whole to the use of the widow; or, if there is no widow, the whole to the use of the next of kin." The original defendant died after action brought. His executor, appearing to defend, pleaded that the count for death of the plaintiff's intestate did not survive the death of his testator.

No civil action for death of a human being exists at common

law.  It is wholly the creature of statute.  *Duggan* v. *Bay State Street Railway*, 230 Mass. 370, 376.

The statute upon which this count is based had its origin in St. 1898, c. 565.  It differed in no respect here material from the present statute.  The remedy provided for this particular class of death cases has always been civil in form.  The action is founded on the negligence of the defendant; it is brought for the benefit of the widow, children and next of kin of the deceased: and the damages are to be assessed with reference to the degree of culpability of the negligent person.  This statute conforms in the main to the policy of this Commonwealth in affording remedy for the death of a human being caused by negligence.  That policy, as shown by all our statutes of this general nature, is in some aspects punitive and in some aspects compensatory and remedial.  *Sullivan* v. *Hustis*, 237 Mass. 441, and cases there reviewed.  *Brooks* v. *Fitchburg & Leominster Street Railway*, 200 Mass. 8.  *Prondecka* v. *Turners Falls Power & Electric Co.* 238 Mass. 239.

The statute upon which this count is founded contains no express reference to survival of the action in case of the death of the defendant.

At common law a right of action for tort does not survive the death either of the person injured or of the wrongdoer.  *Wilbur* v. *Gilmore*, 21 Pick. 250.  *Michigan Central Railroad* v. *Vreeland*, 227 U. S. 59, 67.

Resort therefore must be had to the general provisions of the statutes as to survival of actions to ascertain whether this action survives the death of the wrongdoer.  If no survival is wrought by statute, the action must abate.

It is enacted by G. L. c. 228, § 1, continuing the words of earlier statutes, that "actions of . . . tort for assault, battery, imprisonment or other damage to the person . . . [together with others not here relevant]" "shall survive."  This statute is general in terms and manifestly is designed to include all classes of cases within its scope.  It comprehends all such cases whether then existing or thereafter created unless excepted from its terms.  It was in existence long before this particular death statute was enacted.  If the action thereby created comes within its range, it survives, otherwise it must abate.  *Wheelwright* v. *Tax Commissioner*, 235 Mass. 584, 585.  *Merrill* v. *Paige*, 229 Mass. 511.

*Brooks* v. *Fitchburg & Leominster Street Railway Co.* 200 Mass. 8, 17. *White* v. *United States,* 191 U. S. 545, 554.

The precise point to be decided is whether the action for death under the statute survives by virtue of the words "other damage to the person" in the section just quoted. With reference to the meaning of those words it was said by Chief Justice Holmes in *Dixon* v. *Amerman,* 181 Mass. 430, that they "seem to have been adopted in the General Statutes, Gen. Sts. c. 127, § 1, as an equivalent for St. 1842, c. 89, § 1, which enacted that 'the action of trespass on the case, for damage to the person, shall hereafter survive.' This was by way of addition to the Rev. Sts. c. 93, § 7, which embraced only 'assault, battery, or imprisonment,' and obviously it meant only to make the survival of certain types of wrongs independent of the form of the action. In the language of Chief Justice Shaw 'This manifestly extends only to damage of a physical character, as by negligence of carriers, towns, or the like.' *Smith* v. *Sherman,* 4 Cush. 408, 413." In exemplification of the meaning of "damage of a physical character" thus declared to be the scope of the statute it has been held that actions for breach of promise to marry, *Smith* v. *Sherman, ubi supra,* for malicious prosecution, *Nettleton* v. *Dinehart,* 5 Cush. 543, for libel, *Cummings* v. *Bird,* 115 Mass. 346, for criminal conversation with one's husband, *Dixon* v. *Amerman, ubi supra,* for consequential damages to a husband arising from personal injury to his wife, *Hey* v. *Prime,* 197 Mass. 474, for damages to a father flowing from personal injury to his minor child, *Keating* v. *Boston Elevated Railway,* 209 Mass. 278, do not survive under the statute.

In other connections personal injury has been given a wider signification. *Mulvey* v. *Boston,* 197 Mass. 178. *Hurle's Case,* 217 Mass. 223, 224. *Madden's Case,* 222 Mass. 487, 492. Decisions of that nature, however, are not pertinent to the words of the statute as to survival of actions, which from the first rightly have been confined for historical and other reasons to "damages of a physical character."

On the other hand it was held in *Wilkins* v. *Wainwright,* 173 Mass. 212, that an action for injury to the person of the plaintiff from an assault by dogs of the defendant survived death of the latter. Referring to the survival statute it was said at page 213, "The damage to the person referred to means damages resulting

from a bodily injury, or damages of a physical character, as distinguished from those which are suffered only in the feelings or reputation." *Norton* v. *Sewall,* 106 Mass. 143, 145. It was held in *Johnston* v. *Bay State Street Railway,* 222 Mass. 583, that the right to the damages afforded by St. 1907, c. 392, § 1, now G. L. c. 229, § 3, in case of death to one not in its employ negligently caused by a street railway "vested by legislative provision in the named beneficiary living at the death of the person injured" and did not abate upon his subsequent decease. That decision did not mention the survival statute. It has no direct relation to that statute for the reason that the beneficiary was not a party to that action. It rests upon the terms and history of our death statute, as to which see *Hudson* v. *Lynn & Boston Railroad,* 185 Mass. 510; *Brooks* v. *Fitchburg & Leominster Street Railway,* 200 Mass. 8; *Boott Mills* v. *Boston & Maine Railroad,* 218 Mass. 582. Nevertheless the Johnston case in substance and effect held that the death of the only person really having a beneficial interest in the damages to be recovered did not cause the action to abate. The plaintiff in that action of necessity was the administrator of the deceased. No one else under the statute could bring the action. He would hold whatever finally might be recovered in a trust capacity for the sole benefit of the beneficiary named in the statute. He had no personal interest in the damages to be recovered. *McCarthy* v. *William H. Wood Lumber Co.* 219 Mass. 566. There would be inconsistency in a law under which such an action would survive for the benefit of the estate of a beneficiary but would not survive against the estate of the wrongdoer. The words of the statute do not require such a result.

Death of a person by the negligence of another can result only from "damage of a physical character" or a "bodily injury." Corporal impact with the living body ordinarily accompanies and is essential to death caused by negligence. Death of the plaintiff's intestate in the case at bar was caused by the negligence of the original "defendant in so operating an automobile as to run down the deceased." That was a "damage to the person" of the plaintiff's intestate as well as "bodily injury" and "damage of a physical character." It was said in *Moe* v. *Smiley,* 125 Penn. St. 136 at page 141, "It is idle to say that when a man is killed by unlawful violence it is not an injury to his person."

The cause of action alleged in the count now under discussion is not one which belonged to the plaintiff's intestate during his life. It did not exist during his life. It sprang into existence only upon his death. It is not for his benefit nor that of his estate but for the specified beneficiaries. *Wall* v. *Massachusetts Northeastern Street Railway,* 229 Mass. 506. *Boott Mills* v. *Boston & Maine Railroad,* 218 Mass. 582, 585. These factors however make no difference with the applicability of the survival statute. By its terms survivorship depends upon the nature of the wrong for which recovery is sought.

The action so far as concerns the count for death did not abate upon the decease of the defendant. This conclusion is supported by *Devine* v. *Healy,* 241 Ill. 34, where the cause of action and the survival statute were indistinguishable in substance from those here in issue. It there was held that an action for causing death by "wrongful act, neglect or default" did not abate on the decease of the wrongdoer under a statute which provided that "actions to recover damages for an injury to the person" should survive. In *Hackensack Trust Co.* v. *Vanden Berg,* 88 N. J. L. 518, it was held that an action for recovery of damages for death survived against the estate of the wrongdoer under a statute which provided for such survival where "any testator or intestate shall, in his or her lifetime, have committed any trespass to the person." It would be difficult in this connection to draw any sound distinction between the "trespass to the person" of the New Jersey statute and the "damage to the person" of our survival statute.

The cause of action here in issue is not penal in the sense in which that word is used in connection with statutes giving right of recovery to informers, to those suffering indirectly from losses by gambling and similar statutes illustrated by cases like *Yarter* v. *Flagg,* 143 Mass. 280, *Little* v. *Conant,* 2 Pick. 527, see *E. S. Parks Shellac Co.* v. *Harris,* 237 Mass. 312, where the cause of action does not survive the death of the defendant. This aspect of the case is sufficiently covered by *Sullivan* v. *Hustis,* 237 Mass. 441, and *Johnston* v. *Bay State Street Railway,* 222 Mass. 583, and need not be further discussed. Moreover the phrase of G. L. c. 228, § 1, is comprehensive enough to include the case at bar so far as penal in its aspect.

The defendant has referred to a considerable number of decisions collected in notes to 17 C. J. 1232, 1233. It would not be

profitable to review them because most of them turn upon statutes differing from those of this Commonwealth and hence not helpful upon the point here to be decided.

In accordance with the terms of the report the entry may be

*Judgment for the plaintiff on the verdicts on both counts.*  ·