COLONIAL OPERATING CO. *vs.* HARRIS POORVU & others.

Suffolk.   March 4, 1940. — May 28, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Actionable Tort. Conspiracy. Mortgage*, Of real estate: payment, foreclosure. *Unlawful Interference. Savings Bank. Contract*, Validity.

A conspiracy of the defendants, as distinguished from joint tortious acts by them, was not shown by the declaration in an action against a bank, one of its officers and a third person, setting forth certain acts of the defendants alleged to be pursuant to a scheme to deprive the plaintiff of real estate, of which the bank was mortgagee, by preventing an advantageous sale of it by the plaintiff and then by foreclosing the mortgage. \

No tortious conduct on the part of a mortgagee bank, one of its officers and a third person was shown by allegations that the bank before maturity of the mortgage note refused to accept, as full payment of the note, payment only of the principal and interest already earned

without payment also of the unearned interest to the date of ma-
turity, thereby preventing an advantageous sale of the property by
the owner, and later, upon breach, foreclosed the mortgage and con-
veyed the property to the third defendant; the motives of the de-
fendants in so acting were immaterial.

Inducing one party to an illegal contract to break it is not tortious con-
duct toward the other party thereto.

A contract between a mortgagor of real estate and a savings bank, the
mortgagee, that the bank before maturity of the mortgage note either
would accept payment of the principal and earned interest without
insisting on payment of unearned interest to the date of maturity
or would grant a new mortgage of a greater amount, solely in con-
sideration of the mortgagor's procuring discharge of an action pend-
ing against a third person, which was not shown to have been of any
advantage to the bank, was invalid.

TORT. Writ in the Superior Court dated March 6, 1936.

Demurrers were sustained by *Pinanski*, J. The plaintiff
appealed.

*F. G. Hinckley*, for the plaintiff.

*H. Horvitz*, for the defendant Poorvu.

*W. P. Murray*, for the defendants Charlestown Five Cents
Savings Bank and another.

QUA, J. This action is described in the writ as an action
of tort for conspiracy. The substantial averments of the
declaration, reduced to summary form, are these: The
plaintiff owned real estate upon which the defendant
Charlestown Five Cents Savings Bank held a mortgage in
the amount of $105,000. This mortgage had two years and
eight months to run at six per cent interest. The plaintiff
having secured an offer for the property greatly in excess of
the amount of the mortgage, it was "necessary" in order
to put through the sale that the bank should accept the
amount due on the mortgage and earned interest to date
and not charge the unearned interest to the due date of the
mortgage, which would amount to about $17,200. The
defendant Hart was president of the bank. He and the
defendant Poorvu were engaged in business transactions
together and were in the habit of sharing secret profits
arising from transactions between the bank and borrowers.
The plaintiff divulged the terms of its offer in confidence to
Hart and Poorvu. The bank thereupon entered into an

oral agreement with the plaintiff that if the plaintiff would procure the discharge of an action pending in court against the defendant Poorvu the bank would at the option of the plaintiff, accept payment of the mortgage without the unearned interest to the expiration of the term or would increase the mortgage to $150,000. The plaintiff, trusting the defendants, did procure the discharge of the pending action against the defendant Poorvu. The defendants Hart and Poorvu then entered into a conspiracy to deprive the plaintiff of its equity in pursuance of which they induced the defendant bank wrongfully to break its contract with the plaintiff, and the defendant bank, joining the conspiracy with knowledge of the purpose of Hart and Poorvu, refused both to accept payment of the mortgage without the unearned interest and to increase the mortgage to $150,000, either of which it would otherwise have done. "The effect of these tortious acts, all done in violation of the trust and confidence existing between the parties," was, as the defendants desired, to prevent the sale of the property. The plaintiff was unable to find another purchaser. In pursuance of the conspiracy the defendants notified the plaintiff that the bank would not renew the mortgage without payment of a bonus of $10,000, "which fact prevented the plaintiff from obtaining a second mortgage on the property, which again was a result which the defendants desired to accomplish." The defendants knew that the plaintiff had no other assets. As a further step in the conspiracy the bank foreclosed its mortgage, "giving as the ostensible reason that the taxes were in arrears but in reality because the defendants desired the property to fall into their hands so that all the defendants could unjustly enrich themselves at the expense of the plaintiff." After the foreclosure the property was conveyed to a nominee of the defendant Poorvu, to whom the bank immediately lent on mortgage $125,000. Since the foreclosure the defendants "have shared in the profits arising from this conspiracy."

This declaration seems to have been intended to carry out the promise of the writ by stating a case of "tort for conspiracy." But it fails to show that by force of numbers

or other exceptional circumstances the defendants possessed in combination any peculiar power of coercion over the plaintiff which an individual standing in a like relation to the plaintiff would not have possessed to produce consequences different in kind from those which could have been accomplished by separate individuals. *DesLauries* v. *Shea,* 300 Mass. 30, 33. No cause of action for true conspiracy is set forth. The allegations of conspiracy can have no greater effect than as allegations of joint action on the part of the defendants. This aspect of the case is fully covered by *Fleming* v. *Dane,* 304 Mass. 46, where the authorities are collected.

Apart from conspiracy no cause of action in tort is disclosed. The bank could rightfully insist upon the payment of interest during the entire period of its original loan. It does not appear that the taxes were not in fact in arrears or that the foreclosure was improperly conducted. None of the parties stood in a fiduciary relation toward the plaintiff, except in the actual conduct of the foreclosure, and the bank had a right to foreclose, if there had been a default, regardless of its motive or that of its officers. *Fleming* v. *Dane,* 304 Mass. 46, 51–52, and cases cited.

The plaintiff contends that a cause of action in tort is stated against the individual defendants for inducing the bank to break its contract with the plaintiff and, apparently, that a cause of action is stated against the bank for allowing itself to be induced. Laying to one side other possible difficulties with this contention, the insuperable objection to it, and to any action arising out of the alleged contract, is that the alleged contract itself as set forth in the declaration, if in fact it was made, was an unlawful and corrupt bargain by which the bank was either to give up its right to the interest or to make an increased loan solely in exchange for the plaintiff's procuring the discharge of an . action pending against Poorvu personally. This is the natural and reasonable construction of the language of the declaration. There is no suggestion of any circumstances which might have given the bank a legitimate interest in such a trade. The declaration must be taken at its face value. In

view of the fiduciary relation between the officers of a savings bank and the bank and its depositors, and in view of the nature of the duty of the bank itself to its depositors, there can be no doubt that such a contract is illegal and cannot become the basis of an action by a party who participated in making it. *Greenfield Savings Bank* v. *Abercrombie*, 211 Mass. 252. *Cosmopolitan Trust Co.* v. *Mitchell*, 242 Mass. 95, 118, 119, 120. *Lewis* v. *Lynn Institution for Savings*, 148 Mass. 235. *Dresser* v. *Traders' National Bank*, 165 Mass. 120. *Commissioner of Banks, in re Cosmopolitan Trust Co.* 241 Mass. 346, 350, 351. See *Rice* v. *Wood*, 113 Mass. 133, 135; *Guernsey* v. *Cook*, 120 Mass. 501; *Knass* v. *Madison & Kedzie State Bank*, 354 Ill. 554, 567; *Divide County* v. *Baird*, 55 N. D. 45.

It follows that the orders sustaining the demurrers should be affirmed and judgment entered for the defendants. *Keljikian* v. *Star Brewing Co.* 303 Mass. 53, 61–62.

*So ordered.*