NELSON ODMAN vs. OLAF E. OLESON & others.

Suffolk.　December 6, 1945. — January 4, 1946.

Present: FIELD, C.J., LUMMUS, RONAN, & SPALDING, JJ.

*Contract*, Validity.　*Corporation*, Officers and agents, Stockholder.　*Public Policy*.

A contract, made by all but one of the stockholders of a corporation, designed to control the future action of the stockholders and directors in support of a certain corporate program, and including provisions as to the persons who should be directors and hold certain other offices in the corporation at certain fixed salaries and a provision that the rights of the parties to the contract should continue so long às they should remain connected with the corporation, was invalid.

TORT.　Writ in the Superior Court dated February 20, 1945.

Demurrers to the declaration were sustained by order of *Swift*, J., and the plaintiff appealed.

In this court the case was submitted on briefs.

*S. Abrams*, for the plaintiff.

*S. T. Lakson & J. H. Ramsey*, for the defendants.

LUMMUS, J.　The plaintiff in this action of tort alleges in a single count that by fraud he was deprived of valuable rights in The Framanco Company, a Massachusetts corporation, that were his under a contract executed by all the parties except the defendants Epstein and Ramsey on August 21, 1942.　After that contract was made, the defendants Olaf E. Oleson and his wife Mary E. Oleson owned four hundred seventy-five shares, the plaintiff owned three hundred forty-two shares, the defendant Edward T. Edmands owned one hundred thirty-three shares, and the defendant J. Haller Ramsey owned fifty shares, the entire capital stock being one thousand shares.

The contract of August 21, 1942, which was signed by all the stockholders except Ramsey, was an attempt to control the future action of the stockholders and directors

through the agreement of the parties to it to vote in favor of an elaborate program therein set forth. Edmands and Oleson were to be two of four directors, and the plaintiff and a nominee of his were to be the other two. The plaintiff was to be clerk, vice-president and assistant treasurer at an annual salary of $9,360. The rights of the parties under the agreement were to continue as long as they should remain connected with the company.

The declaration alleges that the defendants conspired to defraud the plaintiff of his contract rights by purchasing in the name of Olaf E. Oleson the fifty shares of stock owned by Ramsey. Then the defendants caused the by-laws to be amended by increasing the number of directors to five, and elected Mary E. Oleson as the fifth director. The plaintiff was induced not to take legal action to prevent the change by the false representations of Oleson and Edmands that nothing would be done in derogation of the plaintiff's contract rights. The plaintiff was afterwards displaced as clerk and vice-president and assistant treasurer of the corporation, and was not paid the salary promised him in the contract.

Demurrers of the defendants were sustained, and the plaintiff appealed to this court under G. L. (Ter. Ed.) c. 231, § 96. *Keljikian* v. *Star Brewing Co.* 303 Mass. 53, 61.

The demurrers were rightly sustained. There was one stockholder not a party to the contract who might be injuriously affected by it. That distinguishes the case from *Hayden* v. *Beane*, 293 Mass. 347. The contract was not restricted as to time, in which respect if not in others the case differs from *Mansfield* v. *Lang*, 293 Mass. 386. The contract by its terms purported to control the conduct of some of the parties as directors, in which capacity they were in all respects fiduciaries for the corporation (*Spiegel* v. *Beacon Participations, Inc.* 297 Mass. 398, 410, 411), and not merely their conduct as stockholders, differing in that respect from *Brightman* v. *Bates*, 175 Mass. 105, and *Sagalyn* v. *Meekins, Packard & Wheat Inc.* 290 Mass. 434, 440, to say nothing of the difference in the contracts which was pointed out in *Hellier* v. *Achorn*, 255 Mass. 273, 281.

Although a stockholder is not in general a fiduciary in his relations to the corporation (*Bell* v. *Fred T. Ley & Co. Inc.* 278 Mass. 60, 75; *Mairs* v. *Madden,* 307 Mass. 378, 132 Am. L. R. 256; *Eno Systems, Inc.* v. *Eno,* 311 Mass. 334, 341), a contract is void as against public policy which takes away even from stockholders freedom to use their judgment as to the best interests of the corporation. *Fuller* v. *Dame,* 18 Pick. 472. *Guernsey* v. *Cook,* 120 Mass. 501. *Noyes* v. *Marsh,* 123 Mass. 286. *Woodruff* v. *Wentworth,* 133 Mass. 309, 313, 314. *Palmbaum* v. *Magulsky,* 217 Mass. 306, 308. *Hellier* v. *Achorn,* 255 Mass. 273, 280–283, 45 Am. L. R. 788. Notes, 12 Am. L. R. 1070, 71 Am. L. R. 1289. See also *Colonial Operating Co.* v. *Poorvu,* 306 Mass. 104. Other possible objections to the declaration need not be considered.

> *Order sustaining demurrers affirmed.*
> *Judgment for the defendants.*