Rose G. Connors *vs.* Newton National Bank & another, executors.

Middlesex.    November 7, 1957. — January 15, 1958.

Present: Wilkins, C.J., Ronan, Spalding, Counihan, & Whittemore, JJ.

*Survival of Action.    Attorney at Law.*

A cause of action against an attorney at law "for . . . [his] negligence, carelessness and unskilfulness" in the prosecution of a claim entrusted to him did not survive his death at common law or under G. L. (Ter. Ed.) c. 228, § 1, as appearing in St. 1934, c. 300, § 1.

Tort.    Writ in the Superior Court dated July 30, 1954.

A motion to dismiss the action was allowed by *Swift*, J.

*Thomas B. Shea*, for the plaintiff.

*Alton H. Grauman*, for the defendants.

Counihan, J.    This is an action of tort against the estate of a deceased attorney at law for damages "for the negligence, carelessness and unskilfulness" of the attorney in the prosecution of a claim for injury which the plaintiff entrusted to him.    The defendants filed answers which admitted that an accident occurred on the premises of the attorney and that injury to the plaintiff resulted.    They also filed a motion to dismiss on the ground that the cause of action declared upon did not survive the death of the attorney which occurred before this action was begun. After hearing, the motion to dismiss was allowed subject to the exception of the plaintiff.    There was no error.

"At common law a right of action for tort does not survive the death either of the person injured or of the wrongdoer." *Putnam* v. *Savage*, 244 Mass. 83, 85.    Prosser, Torts (2d ed.) pages 705–709.    "Resort therefore must be had to the general provisions of the statutes as to survival of actions to ascertain whether this action survives the death of the wrongdoer.    If no survival is wrought by statute, the action must abate." *Putnam* v. *Savage*, 244 Mass. 83, 85.

The applicable statute here is G. L. (Ter. Ed.) c. 228, § 1, as appearing in St. 1934, c. 300, § 1, which reads in part, "In addition to the actions which survive by the common law, the following shall survive . . . (2) Actions of tort (a) for assault, battery, imprisonment or other damage to the person . . . or (d) for damage to real or personal property . . . ."

Because we are concerned solely with a question of law on the allegations of the declaration as we have stated them, we do not deem it necessary to recite other allegations of the declaration. It is plain from an examination of the declaration that the judge could find that the plaintiff seeks no damages for injury to her person or to her real or personal property; and that she only sought to recover for the negligence of the deceased in the prosecution of her original claim for injury. Undoubtedly she could have maintained her action if the deceased were living but after his death no such claim survived under c. 228, § 1. *Read* v. *Hatch*, 19 Pick. 47, 48. *Lee* v. *Fisk*, 222 Mass. 418. *Piper* v. *Childs*, 290 Mass. 560, 565. *Summers* v. *Boston Safe Deposit & Trust Co.* 301 Mass. 167, 169.

The cause of action here resembles that in *Rockwell* v. *Furness*, 215 Mass. 557. In that case the death of the injured person was involved rather than that of the wrongdoer. There it was alleged that the defendant falsely represented to the testatrix of the plaintiff that he had authority to settle her claims against insurance companies for loss by fire of her property. Because of such representations the testatrix failed to notify the insurance companies of the fire and so lost her remedy against the companies. It was there held, at page 558, "that the remedy of the testatrix for the tort of the defendant could be enforced only in her lifetime; it did not survive her death." Compare *Martinelli* v. *Burke*, 298 Mass. 390.

The plaintiff relies upon *Warren* v. *Para Rubber Shoe Co.* 166 Mass. 97, which is distinguishable. That was a suit in equity in which fraud and a breach of fiduciary relationship were alleged and shown.                *Exceptions overruled.*