Sophie C. COHEN, Myron Freedman, Haskell Cohn, Executors of the Will of Nathan C. Cohen

v.

LION PRODUCTS COMPANY
and
The General Tire & Rubber Company.
Civ. A. No. 58-1028.

United States District Court
D. Massachusetts.
Oct. 2, 1959.

Jerome P. Facher, McLaughlin Brothers and George A. McLaughlin, Boston, Mass., for plaintiffs.

Robert W. Meserve, George W. McLaughlin, Boston, Mass., for defendants.

WYZANSKI, District Judge.

Invoking the diversity jurisdiction of this Court, plaintiffs, being the executors of Cohen, have brought in one amended complaint five causes of action against his former employer, Lion Products Co. and its parent corporation The General Tire & Rubber Company. Defendants have filed a motion, under Rule 56(b), 28 U.S. C.A., for full or partial summary judgment.

There is no genuine dispute as to the following facts. Cohen was employed by Lion under a contract of employment. General, Lion's parent corporation, guaranteed Lion's performance of that contract. The contract provided for the employment of Cohen until October 3, 1959, but also provided that Lion, on 30 days' written notice could terminate Cohen's employment if he failed faithfully to perform his obligations. April 16, 1957, Lion gave Cohen written notice terminating his employment effective May 16, 1957. Cohen died of a heart attack June 4, 1957.

The five causes of action presented by plaintiffs state: (1) that Lion broke its contract for the employment of Cohen [Fifth Cause of Action], (2) that General maliciously induced Lion to break the said contract [Third Cause of Action], (3) that by a series of harassing orders, controversies, and charges as to Cohen's failures to perform his work satisfactorily Lion and General intentionally caused Cohen severe emotional distress during his lifetime [First Cause of Action], (4) that by wilfully causing Cohen emotional distress in the aforesaid manner, Lion and General caused Cohen's death [Second Cause of Action], and (5) that Lion and General conspired to cause Cohen emotional distress and to deprive him of the benefits of his contract [Fourth Cause of Action].

As to the fifth cause of action defendants seek a partial summary judgment limiting damages to a stated maximum. That part of the motion is denied because it is not now clear what state law governs.

As to the third cause of action defendants seek summary judgment on the ground that the claim sounds in tort and does not survive the death of Cohen. That part of the motion is denied because it is not now clear what state law governs.

As to the first cause of action defendants make two principal contentions. They first contend that plaintiffs are seeking to recover for "a personal injury arising out of and in the course of" Cohen's employment as that phrase is used in the Massachusetts Workmen's Compensation Act, Mass.G.L. c. 152 § 26; and that recovery of such a claim cannot be sought at common law but only administratively under the Workmen's Compensation Act. Alternatively, plaintiffs contend that if Cohen had a cause of

action at common law it did not survive his death.

For reasons that need not now be repeated this Court has ruled that the first, second, and fourth causes of action are governed by the substantive law of Massachusetts. And, therefore, it is appropriate for this Court to rule upon the two contentions just made.

■ Basic to a consideration of both contentions is an analysis of the nature of an action for intentionally inflicting emotional distress. There appear to be no Massachusetts cases involving this tort. But we may assume that Massachusetts would recognize that it is a tort for a person, without a privilege to do so, intentionally to cause emotional distress to another. Restatement, Torts, (1948 Supp.) § 46. See Magruder, Mental and Emotional Disturbance in the Law of Torts, 49 Harv.L.Rev. 1033; Goodrich, Emotional Disturbance as Legal Damage, 20 Mich.L.Rev. 497. The essence of the wrong is the injury done to the feelings of the person whose interests are invaded. While it would be appropriate in proving damages to offer evidence of the physical consequences of the distress, it is not a necessary element in establishing the tort to prove that there was any physical injury or disability. It is quite sufficient to prove that defendant intentionally disturbed plaintiff's mental tranquility. Thus while the tort of intentional infliction of mental distress bears some analogy to the ancient tort of assault, an essential difference is that in an assault action plaintiff must prove as an element his apprehension of bodily contact. Restatement, Torts, § 24. Ross v. Michael, 246 Mass. 126, 130, 140 N.E. 292. But see United States v. Hambleton, 9 Cir., 185 F.2d 564, 566, 23 A.L.R.2d 568. Indeed the tort of intentional infliction of mental distress is in its theoretical background and its general stress on emotional factors much more akin to such torts as libel, slander, malicious prosecution, and invasion of privacy.

■■ Bearing in mind the characteristics of the tort of intentional infliction of mental distress, this Court is of the view that the Massachusetts Supreme Judicial Court would not automatically conclude that every case alleging such a tort is the type of "personal injury" covered by the Massachusetts Workmen's Compensation Act; but that that Court would decide each case in the light of the way in which it was claimed that the distress had been caused. Support for this view is to be found in the dicta in Madden's Case, 222 Mass. 487, 492, 111 N.E. 379, 381, L.R.A.1916D, 1000. There Chief Justice Rugg recognized that "many decisions include among personal injuries, wrongs which would not be personal injuries under the Workmen's Compensation Act. For example, the phrase 'personal injury' has been held to include even injuries to reputation resulting from libel * * * malicious prosecution and false imprisonment * * * invasion of the right of privacy * * * false arrest and kindred tortious acts." Presumably the reason why those torts, even though they be a species of personal injury, are excluded, is because the policy, history, administrative mechanism, and scale of compensation of the Workmen's Compensation Act show that it covers bodily injury, apprehension of bodily injury, and perhaps even mental impairment, but not injury to feelings or emotions apart from fright of physical consequences. Hence, even if we assume that in a case where a person inflicted mental distress upon another by causing him fright as to some physical impact the other would have a "personal injury" within the Workmen's Compensation Act (cf. Charon's Case, 321 Mass. 694, 75 N.E.2d 511), where, as in the case at bar, the person charged with the tort is alleged merely to have deliberately harassed and annoyed the other, rather than to have frightened or terrorized him, there is not a "personal injury" compensable under the Massachusetts Workmen's Compensation Act.

Having rejected defendants' contention that the first cause of action is foreclosed because plaintiffs' exclusive remedy is under the Workmen's Compensa-

tion Act, the Court must now consider whether plaintiffs' first cause of action sets forth a tort which survived their decedent's death.

It is elementary that at common law an action of tort did not survive the death of either party. Connors v. Newton National Bank, 336 Mass. 649, 147 N.E.2d 185, 65 A.L.R.2d 1209; Putnam v. Savage, 244 Mass. 83, 85, 138 N.E. 808. However, by statute Massachusetts has provided that certain actions of tort shall survive. Included are actions "for assault, battery, imprisonment or other damage to the person." Mass.G.L. c. 228 § 1. And the problem is whether this language covers the particular facts alleged in the first cause of action.

 While recognizing that there is no strong policy ground which warrants continuation of the common-law rule *actio personalis moritur cum persona* (see Note 48 Harv.L.Rev. 1008), this Court must interpret the Massachusetts survival statute in the way that a Massachusetts state court would. From the outset the Massachusetts Supreme Judicial Court has been strict in its reading of the statute. Repeatedly it has said that "The damage to the person referred to means damages resulting from a bodily injury, or damages of a physical character, as distinguished from those which are suffered only in the feelings or reputation." Wilkins v. Wainwright, 173 Mass. 212, 213, 53 N.E. 397; Putnam v. Savage, 244 Mass. 83, 86–87, 138 N.E. 808. See Norton v. Sewall, 106 Mass. 143, 145. And the holdings of that Court have been uniformly against the survival of actions where the gist of the conduct complained of was injury to the plaintiff's feelings. Thus Cummings v. Bird, 115 Mass. 346, held that the survival statute did not apply to an action of libel, and Nettleton v. Dinehart, 5 Cush. 543, held it did not apply to an action of malicious prosecution. In the light of these authorities, this Court does not feel free to hold that there is in Massachusetts a statutory provision for the survival of a claim based upon intentional mental harassment apart from fright or terror of physical consequences. It follows that defendants are entitled to summary judgment on plaintiffs' first cause of action.

As to the second cause of action plaintiffs rely upon Massachusetts G.L. c. 229 § 2C giving a cause of action for wrongful death. Defendants' motion for summary judgment on this cause of action points out that by its express terms the statute limits its coverage to "the death of a person * * * who is not in his [defendant's] employment or service." Defendants contend that this language precludes Cohen's executors from a death action not only against Cohen's employer, Lion, but also against General.

 Insofar as concerns the executors' claim against Lion defendants' contention is sound. Defendant Lion is entitled to summary judgment on the second cause of action. But there is no just ground for allowing General the benefit of a summary judgment on that cause of action. General was not the employer of Cohen. There is no merit to defendants' argument that the relationship between General, Lion, and Cohen was that of general contractor, sub-contractor, and employee; that Cohen's executors had workmen's compensation remedies against both his employer, the sub-contractor, and also against the general contractor; and that having such rights Cohen's executors had no rights under the death statute. To that argument two answers will suffice: first, Cohen's executors have no rights against anyone under the Workmen's Compensation Act; and second, inclusion in or exclusion from the Workmen's Compensation Act is not the test under the death statute.

 As to the fourth cause of action for conspiracy, defendants seek summary judgment on the ground that it does not state a cause of action separate from those alleged in the other causes of action. Defendants are correct. It is a purely repetitive count. Moreover, under Massachusetts law, which is the law here applicable, there is "no independent tort for conspiracy unless in a situation

'where mere force of numbers acting in unison or other exceptional circumstances may make a wrong.' " Neustadt v. Employers' Liability Assurance Corp., 303 Mass. 321, 325, 21 N.E.2d 538, 541, 123 A.L.R. 134; Colonial Operating Co. v. Poorvu, 306 Mass. 104, 106–107, 27 N.E. 2d 704.

Judgment in accordance with opinion.