Emmy S. Butterman, Appellant, v. Martha Chamales, Executrix of the Estate of Peter J. Chamales, Deceased, et al., Appellee.

Gen. No. 50,836.

First District, First Division.

July 25, 1966.

Emmy S. Butterman, pro se, of Chicago, appellant.

Wiles, Johnson & Barrington, and Howard, French and Healy, of Chicago, for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

This appeal concerns the dismissal of a claim filed by Emmy S. Butterman against the estate of a deceased attorney, Peter J. Chamales, and against the decedent's surviving partner in the practice of law. Claimant alleged that in May of 1962 she employed the decedent, paying him a retainer fee of $500, to pursue in her behalf litigation then pending in the Circuit Court of Cook County against a stock brokerage firm. In her original claim she charged that, "through want of care and good faith, and/or wilful neglect," decedent did not answer the trial call for the case, resulting in its dismissal for want of prosecution, and that decedent also failed to file a suit on claimant's behalf in the Federal District Court, permitting the statute of limitations to run. In her original claim against Chamales's estate, she sought "actual" damages in the amount of $27,776.

Martha Chamales, executrix of the estate, moved to dismiss the claim on grounds that a malpractice claim does not survive the death of an attorney; that the claim failed to state facts showing that the litigation which decedent was retained to pursue constituted a good, valid, subsisting cause of action; and that the claim failed to state the basis for the allegation of damages in the amount of $27,776. While this motion was pending, claimant moved to join as a necessary party defendant decedent's surviving law partner. Martha Chamales moved to dismiss this attempted joinder on grounds that there was no authority to add a living person as a party defendant to a claim against an estate. This motion was granted on October 21, 1964. After requiring the parties to submit briefs on the motion to dismiss the original claim, but without taking evidence, the court entered an order on April 7, 1965, granting the motion to dismiss the claim, and granting leave to the claimant to file an amended claim. That claim, filed April 22, 1965, was based upon a theory of breach of an express contract of retainer, and sought damages in the amount of

■■■■■■■■■■■■■
■■■■■■

$30,317.95. Martha Chamales then moved to dismiss the amended claim, alleging that it was a new and different cause of action and therefore was barred because more than nine months had passed since the issuance of letters testamentary on June 9, 1964; that no copy of the contract had been attached to the claim; and that the claim stated no terms of the contract of what actions or inactions of the decedent allegedly constituted a breach of the contract. The amended claim was dismissed by order of April 28, 1965. Claimant has brought this appeal, pro se, from the orders dismissing her original claim, dismissing her amended claim, preventing her from joining decedent's law partner as a party defendant, and denying her a rehearing.

■■ The basic question presented by this appeal is whether an action for malpractice against an attorney can be commenced after his death and successfully maintained against his estate. At common law, actions in tort did not survive the death of the tortfeasor or of the injured party, Wilcox v. Bierd, 330 Ill 571, 583, 162 NE 170; while actions for breach of contract survived the death of either party thereto, First Nat. Bank of Danville v. Taylor, 329 Ill App 49, 55, 67 NE2d 306. In most jurisdictions, including Illinois, this sharp line of demarcation has been altered by statutory enactments which provide that certain types of tort actions shall also survive. The Illinois statute on this point is Ill Rev Stats, c 3, § 339 (1963), which reads:

§ 339. Actions which Survive

In addition to the actions which survive by the common law, the following also survive: actions of replevin, actions to recover damages for an injury to the person (except slander and libel), actions to recover damages for an injury to real or personal property or for the detention or conversion of personal property, actions against officers for misfeasance, malfeasance, or nonfeasance of themselves

402

or their deputies, actions for fraud or deceit, and actions provided in Section 14 of Article VI of "An act relating to alcoholic liquors," . . . .

It thus appears that unless an action for malpractice against an attorney can properly be characterized as an action in contract, or as one of the tort actions specified in the statute, it does not survive the death of the attorney.

The parties have not called to our attention, nor have we found any Illinois cases considering the question of whether the estate of an attorney can be held liable for his malpractice. In Connors v. Newton Nat. Bank, 336 Mass 649, 147 NE2d 185, the plaintiff brought, "an action of tort against the estate of a deceased attorney at law for damages 'for the negligence, carelessness and unskilfulness' of the attorney in the prosecution a claim for injury which the plaintiff entrusted to him," (147 NE2d at 186). The Supreme Judicial Court of Massachusetts, in applying a survival statute similar in many respects to that of Illinois, concluded that the action could not be maintained against the attorney's estate because it was not within any of the classifications of tort actions enumerated in the survival statute. We are of the opinion that the same reasoning must govern this case. Claimant cannot maintain that her claim is an action, "to recover damages for an injury to . . . personal property" within the meaning of the Illinois statute, because it has been established since Jones v. Barmm, 217 Ill 381, 75 NE 505, that this provision of the statute applies, "only to actions for damages to tangible articles and things movable,—to chattels. . . ." (217 Ill at 383.) Nor is there any other classification of tort actions enumerated in the statute upon which claimant can rely. The action therefore does not survive the death of the attorney.

Claimant contends, however, that Chamales's failure to answer the trial call in one case or to file suit

in the other constituted a breach of his contract of retainer, and therefore subjected his estate to liability in a contract action. We do not agree. In People ex rel. Powles v. County of Alexander, 310 Ill App 602, 35 NE2d 92, the court held, "In determining whether a cause of action survives to the personal representative, the real nature or substance of the right or claim for which the suit is brought must control," (310 Ill App at 605, 606). While Chamales's duty to claimant in this case was created by their contract of employment, the claim for damages for the violation of that duty was grounded more upon Chamales's alleged negligence and carelessness than upon his failure to achieve the result for which the parties had contracted. The claim was therefore subject to the rules governing the survival of actions in tort, and did not survive the death of the attorney.

In view of our holding that the Estate of Peter J. Chamales cannot be held liable for damages resulting from his alleged malpractice, it is clear that any claim against his surviving law partner cannot be enforced by means of a claim filed against Chamales's estate, and claimant's motion for joinder of that partner was properly dismissed. Our holding also makes it unnecessary for us to consider defendant's contentions, first, that the claim did not state a cause of action because it did not adequately allege the existence of a valid underlying claim against the stock brokerage firm; and second, that the amended claim stated a new and different cause of action, and was therefore barred because it was filed too late.

The judgment of the Probate Division of the Circuit Court of Cook County is therefore affirmed.

Judgment affirmed.

KLUCZYNSKI, P. J. and MURPHY, J., concur.