HAROLD P. W. HARBY *vs.* LOUISE A. PRINCE, executrix.

Plymouth.    March 4, 1969. — April 7, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Nunc Pro Tunc. Survival of Action. Equity Pleading and Practice,* Decree pro confesso. *Damages,* For defamation.

The plaintiff in a suit in equity was prevented by an interlocutory decree taking a counterclaim for defamation for confessed from denying that he had defamed the defendant. [574]

Evidence reported in a suit in equity justified conclusions that the defendant, an attorney at law, who had filed a counterclaim for damages for defamation by the plaintiff and had testified that, while he had suffered no injury to his reputation, he had been compelled to put in a lot of time defending himself from the plaintiff's accusations, was caused by the plaintiff's conduct to spend time in protecting his reputation, and that the defendant was entitled to damages in the amount of $2,500. [574]

Where, in sequence, an interlocutory decree was entered in a suit in equity taking for confessed a counterclaim by the defendant, the defendant's motion for assessment of damages on the counterclaim was heard by a judge who filed findings and rulings and an award of damages to the defendant, the defendant filed a motion for a final decree, the defendant died, the executrix under his will was substituted as the party defendant, and a final decree was entered on the counterclaim in accordance with the judge's findings, it was proper thereafter to allow a motion of the executrix that the final decree take effect nunc pro tunc on a certain date after the original defendant's motion for final decree and before his death. [574–575]

BILL IN EQUITY filed in the Superior Court on January 15, 1963.

Findings and rulings were made by *Murray,* J., after hearing a motion for assessment of damages on a counterclaim.

A final decree and certain decrees on November 6, 1967, were entered by *Taveira,* J.

*Samuel B. LeVine* for Harold P. W. Harby.

*William K. Mone* for Louise A. Prince, executrix.

WILKINS, C.J.   This litigation began as a bill in equity against Thomas W. Prince, Esquire, the defendant's testator, to restrain him as counsel for the plaintiff's wife in a custody matter from interference in the plaintiff's family affairs.

The only issues now argued arise out of a counterclaim filed by Mr. Prince alleging that he had been defamed by the plaintiff, who had falsely and maliciously charged him with assault and unprofessional conduct.   On February 17, 1966, there were entered an interlocutory decree taking the counterclaim for confessed, as well as a final decree dismissing the bill of complaint for want of prosecution.   On July 15, 1966, after hearing, the trial judge filed findings and rulings in which he recited that the case had been heard on the motion of Mr. Prince for assessment of damages on his counterclaim.   There were awarded damages of $2,500 for mental distress, pain, and anguish caused by certain false and malicious charges.

On September 1, 1966, Mr. Prince filed a motion for final decree.   On November 10, 1966, he died, and on February 20, 1967, the executrix under his will was substituted as "party respondent."   On June 2, 1967, a final decree was entered in accordance with the findings of July 15, 1966.   On November 6, 1967, a motion of the executrix that the final decree of June 2, 1967, be ordered to take effect nunc pro tunc on November 1, 1966, was allowed; and a motion of the plaintiff to dismiss the counterclaim for the reason it did not survive was denied.   We treat these actions on these motions as decrees.

The case is here on appeals by the plaintiff from the final decree of June 2, 1967, and from the decrees of November 6, 1967.   The evidence is reported.

The plaintiff contends that findings have been made without supporting evidence, one of these being that Mr. Prince suffered mental distress, pain or anguish.   Mr. Prince testi-

fied that he was not claiming that his reputation was damaged, but that he was compelled to put in a lot of time, seventy-five hours, defending himself, answering the plaintiff's complaint before a bar association and in other ways. At the beginning of the hearing the judge stated that the plaintiff was bound by the interlocutory decree taking the counterclaim for confessed and that that decree settled that the plaintiff had conducted, orally and in writing, a campaign of defamation and vilification of Mr. Prince, intended to impugn, besmirch, and injure his character in the community, both as an individual and as a member of the legal profession. The judge made it manifest that that much was concluded, and that as long as the interlocutory decree of February 17, 1966, stood, the plaintiff could not be heard to say that it was not true.

The plaintiff argues that the evidence would not support a finding of more than $750, being about thirty hours of Mr. Prince's time at $25 an hour. This hourly value Mr. Prince expressed as a minimum, and it included only hours between March, 1962, and March, 1963. He testified that the total number of hours he was compelled to expend was about seventy-five.

In our consideration of the facts we are not limited to those found by the judge but may find facts he did not expressly find, or, if we think he was plainly wrong, facts contrary to his findings. *Lowell Bar Assn.* v. *Loeb,* 315 Mass. 176, 178. He correctly ruled that the plaintiff was prevented by the decree pro confesso from denying that he had defamed Mr. Prince. In view of the latter's testimony that he suffered no injury to his reputation but at the same time claimed damages for his lost time, we find that the plaintiff's conduct of defamation caused Mr. Prince to lose time in protecting his reputation against those attacks. We also find that the damages are not excessive and are $2,500.

The plaintiff contends that on November 6, 1967, when the decree nunc pro tunc was entered, the court had lost jurisdiction because the suit was for slander, which did not survive the death of Mr. Prince. G. L. c. 228, § 1. See

*Putnam* v. *Savage,* 244 Mass. 83, 85; *Connors* v. *Newton Natl. Bank,* 336 Mass. 649. But where prior to the death a case has been fully heard and a report of facts, rulings, and an order for decree has been made, a decree nunc pro tunc may be entered. *Barnes* v. *Barnes,* 291 Mass. 383, 386. "Thus, where the defendant dies after a judge has reserved his decision, judgment may be entered as of the former term. *Perry* v. *Wilson,* 7 Mass. 393, 394." *Almeida Bus Lines, Inc.* v. *Department of Pub. Util.* 348 Mass. 331, 338. In *Perkins* v. *Perkins,* 225 Mass. 392, 396, it was said that exemplifications of this rule are cases where "a defendant has deceased in an action which did not survive, *Tapley* v. *Goodsell,* 122 Mass. 176, 181, *Kelley* v. *Riley,* 106 Mass. 339, *Reid* v. *Holmes,* 127 Mass. 326, 328, *Wilkins* v. *Wainwright,* 173 Mass. 212."

*Decrees affirmed with costs of appeal.*