Fremont-Smith, J.
The defendants have brought eviction proceedings against the plaintiffs following defendants’ foreclosure of plaintiffs’ property, premised upon plaintiffs’ default on a $2 million promissory note and mortgage on the property. It is undisputed that, although the note was due and payable on or before December 31, 1989, plaintiffs never made any payment of principle, interest, or taxes on the property, on which they have been operating a family business (a golf course) for a number of years.
Although the Kattars do not dispute that they were and remain in default on their mortgage and promissory note, they allege that the foreclosure proceedings should be voided and that legal title to the property should be restored to them as a result of a previous lawsuit in Suffolk Superior Court,[2] in which a jury determined that the foreclosure proceedings were in violation of an oral agreement between the Kattars and the Demoulases to extend the time for payment of interest and principle on the note until Kattar’s completion of the commercial development of another parcel of real estate, which completion had not occurred at the time of foreclosure, and that the foreclosure was done in retribution for Kevin Kattar’s refusal to perjure himself as a witness in a different lawsuit in the federal district court. The jury rendered a verdict in favor of the Kattars for breach of contract in that lawsuit, in the amount of $1.4 million. Judge Roseman, however, granted judgment notwithstanding the verdict, holding that, in view of the Kattars’ admitted default in paying taxes, the Demoulases had a legal right to foreclose, regardless of their motivation, citing Colonial Operating Co. v. Harris Poorvu, 306 Mass. 104 (1940).[3]
Judge Roseman, who had reserved Kattars’ c. 93A count for himself, went on to rule, however, that Demoulas had violated c. 93A by threatening to foreclose on the mortgage unless Kevin Kattar perjured himself in the federal district court, and found that the foreclosure would not have taken place but for the Kattars’ refusal to testify as the Demoulases demanded. He awarded damages of $900,000, comprising what he determined to be the Kattar’s lost equity in the real estate, which he then doubled to $1,800,000, but declined requested injunctive relief which would have vacated the foreclosure, so as to restore legal title to the Kattars.
The Kattars have appealed from Judge Roseman’s allowance of J.N.O.V. on the jury’s verdict for breach of contract, and from his declination of their motion that he vacate the foreclosure so as to restore the legal title to them pursuant to his c. 93A holding. The Demoulases have, in turn, appealed Judge Roseman’s finding of a c. 93A violation and his award of damages. The Kattars now seek to have this Court, in this separate action, enjoin the Kattars’ eviction from the foreclosed real estate pending resolution of the appeals.
Whether to issue a preliminary injunction is, of course, a matter addressed to the sound discretion of the Court. T&D Video, Inc. v. Revere, 423 Mass. 577, 580 (1996). To obtain the requested stay, the Kattars have the burden to demonstrate that they have a *368 substantial likelihood of success on the merits of their appeal and that they are threatened with irreparably injury if a stay is not granted. Sciaba Const Corp. v. Massachusetts Turnpike Authority, 412 Mass. 606 (1992). See also Bd. of Education v. Boston, 386 Mass. 103, 107 n.7 (1982). In a situation where a failure to issue an injunction threatens the moving party with a substantial risk of irreparable harm, the likelihood of success, if less than clear, is to be weighed against the degree of threatened harm. Ashford v. Massachusetts Bay Transit Authority, 421 Mass. 563, 564, n.3 (1995); Packaging Industries Group Inc. v. Cheney, 380 Mass. 609, 617 (1980).
As to plaintiffs’ likelihood of success on appeal, the record before the Court on this motion is inadequate for the Court to reach any clear conclusion as to whether the jury finding of breach of a contract (to extend the duration of the note for the payment of interest and principle) failed to determine whether the foreclosure was in breach of contract, in view of the lack of any finding by the jury that plaintiffs had also agreed that plaintiffs were not obligated to pay taxes. In light of plaintiffs’ admitted failure to pay taxes (as the note and mortgage obligated them to), this Court can reach no conclusion as to the likelihood Judge Roseman erred in that respect, so that J.N.O.V. was wrongly granted.
Secondly, if Judge Roseman did not err in concluding that the defendants were not in breach of contract when they foreclosed (in view of plaintiffs’ non-payment of taxes, regardless of any agreement to extend the time for payment of principle and interest) it is not clear that, as a legal matter, Judge Roseman improperly interpreted Colonial Operating Co. v. Harris Poorvu, 306 Mass. 104 (1940), to indicate that the foreclosure was valid and effective, regardless of any illegal ulterior motives of the Demoulases in foreclosing.
Demoulases further contend, regardless of the legal effect of Poorvu in this situation, that Judge Roseman was foreclosed from invoking Poorvu because that case was not specifically raised in defendant’s motion for a directed verdict, and the issue was therefore waived. While Bonofiglio v. Commercial Union Ins. Co, 411 Mass. 31, 34 (1991), did hold that J.N.O.V. could not be premised on grounds which had not been specified in a directed verdict motion, the Court in Bonofiglio did not rule out the possibility that a legal issue previously raised at trial in another way might be sufficient to avoid a waiver. While the Court there rejected the argument that an earlier summary judgment motion had sufficed in that case, because the motion had not made clear that the grounds were the same as those relied on for J.N.O.V., it left open the possibility that an issue fairly raised by other means would not be waived. Here, defendants urge that the issue of the irrelevancy of a foreclosure’s motivation was raised earlier at trial, by way of evidentiary objections and by motions in limine. While it is true that Judge Roseman did indicate that he had first cited Poorvu at the J.N.O.V. hearing, he did not address whether the issue had previously been raised, and thus preserved. As this Court does not have before it the motions in limine filed at trial or the trial transcripts of evidentiary objections, it can reach no judgment as to plaintiffs’ likelihood of success on their waiver argument.
Plaintiffs also contend that Judge Roseman, having found that defendants’ threat of foreclosure to obtain false testimony violated c. 93A, and having found that, but for the Kattars’ refusal to so testify, the foreclosure would not have occurred, was obligated to find that the foreclosure was void as against public policy for c. 93A purposes, and that he abused his discretion in declining to order the requested injunctive relief so as to void the foreclosure. But it is not clear, as a legal matter, that plaintiffs will prevail on defendants’ appeal of Judge Roseman’s finding of a c. 93A violation. As Judge Roseman admitted on the record, he premised his finding of a c. 93A violation upon his finding that the Demoulases had urged the Kattars to testify about the alleged bugging of Demoulas headquarters in reckless disregard of whether or not such testimony would have been true, but specifically declined to find that Demoulases had urged such testimony knowing it to be false. Judge Roseman noted that there are no decided cases indicating whether Demoulases’ conduct could constitute a 93A violation, in the absence of proof that Demoulases’ had urged such testimony knowing that it would be perjurious. On this issue as well, therefore, Kattars have not clearly demonstrated a likelihood of success on the merits.
Even were the Kattars to prevail on all of the above issues, moreover, it is far from clear that plaintiffs should be entitled to the mandatory injunctive relief which they seek, i.e. restoration of their legal title to the property in addition to the monetary damages (which they were awarded by the jury on the breach of contract claim, and by Judge Roseman on the c. 93A claim).
In Stewart v. Bass River Savings Bank, 3 Mass.App.Ct. 574, 579 (1975), the Court said in that respect:
It has been said, however, that “(s)pecific performance is not a matter of absolute right. It ought not to be granted if it would result in imposing an undue hardship upon one party to an agreement or permit the other party to obtain an inequitable advantage. On the other hand, agreements are made to be performed, and relief should be given in the absence of special circumstances showing that it would be inequitable to do so.” Feedman v. Walsh, 331 Mass. 401, 406 (1954). The plaintiff had done all that the agreement required him to do in order to obtain the release.
Here, in spite of the Demoulases’ unquestionably reprehensible behavior in connection with the foreclosure, plaintiffs have not “done all that the agreement required [them] to do,” but have admittedly failed to live up to all of their obligations under the note and mortgage. They have, moreover, violated a consent decree entered *369 by the Superior Court in 1997, which terminated a previous preliminary injunction against eviction and provided that the Demoulases would not evict the Kattars from the golf course, on condition that plaintiffs would pay $180,000 in rent which was due and owed, on or before October 1, 1999. This has not been done. In these circumstances, an appellate court could well conclude that the appropriate remedy was damages (as were awarded by both the jury on the breach of contract count and by Judge Roseman on the c. 93A count), and that there was no abuse of discretion in denying the requested equitable relief, which could well, in the circumstance, be duplicative of the damages already awarded.[4] While, if the foreclosure is held on appeal to have been illegal, the Kattars do not appear to have been compensated by damages for the loss of their business (but only for their lost equity in the real estate), in view of the fact that plaintiffs have neglected to pay the required interest, principle, taxes or rent on the premises, it seems doubtful that plaintiffs’ business is profitable and hence has significant monetary value for which they might recover. And, while some courts have found a threatened destruction of a profitable business to constitute threatened irreparable injury, see Hull Mun. Lighting Plant v. Mass. Mun. Wholesale Elec. Co., 399 Mass. 640 (1987), and Engine Specialties, Inc. v. Bonbardisc, Ltd., 454 F.2d 527, 531 (1st Cir. 1972), where, as here, it is far from clear that the business is profitable, it may be questioned whether the threatened termination of Kattar’s business constitutes threatened irreparable injury in the circumstances. In any event, if foreclosure is determined to have been illegal, and the business is determined profitable, the Demoulases are able to respond in money damages for any loss to the Kattars which have not been already compensated.
Finally, in view of the fact that the Kattars are said to be in arrears in rent to the Demoulases, and are, moreover, in breach of a July 1, 1999 consent decree of the Court (wherein, as noted, they were ordered and agreed to pay $180,000 rent or to face eviction), and in view of the dubious prognosis for favorable resolution of the difficult issues which are on appeal, even if this Court were inclined to grant the requested injunctive relief, it wouldrequire abond pursuant to Mass.R.Civ. Rule 62(c) in an amount adequate to protect the Demoulases from a further loss of rent from the premises.[5] Plaintiffs’ counsel represented at the hearing, however, that the Kattars are financially unable to procure any bond, and that the requirement of a bond would be the equivalent of a denial of their motion for a stay.
ORDER
Accordingly, for each of the above reasons, the plaintiffs’ motion for a stay of eviction pending appeal, is DENIED.

Kattar v. Demoulas, Essex Superior Court No. 97-2022D.

Judge Roseman reasoned that the jury's special verdict had indicated that they found that the defendants had agreed to extend the time for payment of principle and interest, but did not indicate they had made any agreement to extend plaintiffs’ time for paying municipal taxes, so that Kattars’ admitted default in that regard made Demoulas’. foreclosure legal, regardless of their motivation under Colonial Operating Co. v. Harris Poorvu, 306 Mass. 104 (1940) (an otherwise legal foreclosure is not rendered void by reason of any corrupt motivation on the part of the forecloser).

Judge Roseman specified that he was awarding money damages in lieu of the requested injunctive relief.

Demoulases contend that such a bond should be for $394,000, to cover past and future lost rent on the premises.

Although entitled an “Emergency Motion," this motion was heard as a motion for a preliminary injunction at a hearing at which both sides were represented by counsel.